91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald ELLISON; Julie Johnsrud; Ronald Ellison, as
Executor of the Estate of Lois Ellison, Plaintiffs-Appellants
v.
SPECTRASTAR, dba: Llumar Star Kites, Defendant-Appellee
 No. 94-56483.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1996.
Decided July 2, 1996.
 
 1
 Before: O'SCANNLAIN and TROTT, Circuit Judges; VAN SICKLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The family of decedent Lois Ellison appeals from summary judgment in favor of SpectraStar. The Plaintiffs believe the District Court erred in its finding that their wrongful death, negligence, fraud, and breach of contract claims against SpectraStar must be dismissed because the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., preempts the field. Specifically, they believe that ERISA should not shield an employer from liability when, at the time the employee requests benefits, the plan had previously been terminated by the Plan Administrator due to the failure of the employer to pay the necessary premiums. We affirm summary judgment in favor of SpectraStar.
 
 
 4
 * Lois Ellison was employed by SpectraStar in Yuma, Arizona. The parent company's principal place of business is within the Central District of California. Ellison was provided with a medical insurance policy administered by a third-party company during her employment.
 
 
 5
 In December, 1992, Ellison was hospitalized and diagnosed with acute liver failure. She was in immediate need of a liver transplant. When the hospital sought pre-authorization for Ellison's operation from the policy provider, it discovered that the policy had been canceled. Spectra Star had failed to pay the insurance premiums. Thus, the policy under which Ellison expected to be covered was not in effect when she needed the insurance coverage.
 
 
 6
 Coverage for Mrs. Ellison eventually became available through the policy carried by her husband, Ronald Ellison. In January of 1993, Mrs. Ellison received the liver transplant. The operation, however, was unsuccessful and Mrs. Ellison died soon after. The Plaintiffs believe that had she received the transplant in December, when the insurance coverage was originally requested, Mrs. Ellison's chances of survival would have been much greater.
 
 
 7
 Plaintiffs began this action in state court in the County of Los Angeles. Defendant removed this action to the Central District of California. Defendant filed a Motion for Summary Judgment on July 9, 1994 and a meeting between the District Court, Honorable J. Spencer Letts, presiding, and the parties was held on July 18, 1994. On August 30, 1994, the court entered judgment in favor of the Defendants. The court sided with the Defendants on the following grounds:
 
 
 8
 "1. Plaintiffs' state law claims for breach of contract, fraud, and negligence are preempted by [ERISA] ...
 
 
 9
 2. Under ERISA, plaintiffs can only assert claims against the plan or plan fiduciary, and Spectra Star has presented evidence which conclusively establishes that it is neither."
 
 II
 
 10
 Generally, grants of summary judgment are subject to de novo review. Fed.R.Civ.P. 56(b); Rano v. Sipa Press, Inc., 987 F.2d 580, 584 (9th Cir.1993); Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 816 (9th Cir.1992). Specifically, a district court's decision that ERISA preempts the plaintiff's allegations is a conclusion of law that is reviewed de novo. Spain v. Aetna Life Ins Co., 11 F.3d 129, 131 (9th Cir.1993), cert. denied, 114 S.Ct. 1612 (1994) (citation omitted). This court must decide, viewing the evidence in a light most favorable to the plaintiffs, the Ellisons, "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Olson v. General Dynamics Corp., 960 F.2d 1418, 1420 (9th Cir.1991), cert. denied, 504 U.S. 986 (1992).
 
 III
 
 11
 The provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title ..." 29 U.S.C. § 1144(a). Thus, as the Supreme Court stated in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987), if a state law "relates to" an employee benefit plan, it is preempted by ERISA. The express preemption statements within ERISA are "deliberately expansive." See Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc., 999 F.2d 298, 301 (8th Cir.1993) ("the Supreme Court has left no doubt that Congress intended the preemption clause to be construed extremely broadly"), cert. denied, 114 S.Ct. 694 (1994). For the state law to be "related" to ERISA, it merely needs to have a "connection with or reference to" an ERISA-covered benefit plan. Olson, 960 F.2d at 1420 (citing Pilot Life Ins., 481 U.S. at 47). The Ninth Circuit has held that neither the ERISA statute nor the Supreme Court's decisions on the issue require that the state law be specifically related to the administration of an employee benefit plan in order to be preempted. See id. at 1421; Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1404 (9th Cir.1988). The state law need only "impinge on the functioning" of an ERISA plan. Spain, 11 F.3d at 131. However, some state actions may affect an employee benefit plan in "too tenuous, remote, or peripheral a manner" for a court to find that ERISA preempts the field. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21 (1983).
 
 
 12
 The Plaintiffs in this action charged SpectraStar with wrongful death, negligence, breach of contract, and fraud. In the past, the Ninth Circuit has determined that these types of claims were "related to" the ERISA statute and affirmed summary judgment motions which dismissed these claims. See, e.g., Spain, 11 F.3d 129 (wrongful death); Olson, 960 F.2d 1418 (fraud); Lea v. Republic Airlines, Inc., 903 F.2d 624 (9th Cir.1990) (negligence); Davidian v. Southern California Meat Cutters Union and Food Employees Benefit Fund, 859 F.2d 134 (9th Cir.1988) (fraud); Johnson v. District 2 Marine Eng'rs Beneficial Ass'n-Assoc. Maritime Officers, Medical Plan, 857 F.2d 514 (9th Cir.1988) (fraud); Nevill v. Shell Oil Co., 835 F.2d 209 (9th Cir.1987) (breach of contract and fraud); Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir.1984) (breach of contract and fraud), cert. denied, 474 U.S. 865 (1985).
 
 
 13
 The situation in the case at bar does not call for a result different from the decisions listed above. The Plaintiffs were able to find no caselaw from any circuit to back up their belief that Congress could not have intended ERISA to preempt the field when an individual desiring benefits is employed by a company which has allowed the benefits to expire due to a failure to pay premiums. As to the question of whether the Ellisons' state claims are "related to" ERISA, the central issue in this case is the failure of SpectraStar to maintain the ERISA-covered health care policy. The plaintiffs argue that because the plan was not maintained, their state law claims are not preempted, because they do not "relate to" an "employee benefit plan." However, the relevant statute defines an "employee benefit plan" as:
 
 
 14
 "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise...." 29 U.S.C. §§ 1002(1) (emphasis added).
 
 
 15
 The statute thus speaks disjunctively in terms of a plan being "established or ... maintained." Although it is true that SpectraStar failed to "maintain" the plan, it is clear that the plan was "established" as an ERISA plan. The scope of the preemption is very broad and, despite the unfortunate circumstances of Lois Ellison, the facts of this matter do not present a case where the court may interfere with the breadth of the ERISA preemption clause.
 
 
 16
 Assuming for the sake of argument that Mrs. Ellison's delay in obtaining benefits until she was able to arrange for payment for the operation through her husband's insurance was a proximate cause of her death, the decision of this circuit in Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131 (9th Cir.1993), cert. denied, 114 S.Ct. 1612 (1994), would still lead to a recommendation that Judge Letts' granting of summary judgment be upheld. See Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc., 999 F.2d 298 (8th Cir.1993), cert. denied, 114 S.Ct. 694 (1994); Corcoran v. United HealthCare, Inc., 965 F.2d 1321 (5th Cir.), cert. denied, 506 U.S. 1033 (1992); Settles v. Golden Rule Ins. Co., 927 F.2d 505 (10th Cir.1991). In Spain, the insurance company initially authorized all three parts of a procedure for Spain's testicular cancer. Aetna later withdrew its authorization for the third part of the procedure. Two days after the decedent filed suit to compel the receipt of funds, Aetna approved the third part of the operation. Spain died from the cancer and his relatives contended that the delay in his receiving of the third part of the treatment caused his death. This court found that ERISA preempted the Spain family's wrongful death cause of action.
 
 
 17
 Therefore, ERISA preempts the field and the plaintiffs are prevented from proceeding on their wrongful death, negligence, breach of contract, and fraud claims under state law. As the preemption issue is dispositive of this matter, we need not reach the question of whether it is possible for SpectraStar to be liable under ERISA.
 
 
 18
 The district court's grant of summary judgment in favor of the defendant is affirmed.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3