United States Court of Appeals,

Eleventh Circuit.

No. 95-9223.

Barbara J. KEMP;  Maria G. Wilson;  Roger Wilson, Plaintiffs-Counter-Defendants-Appellees,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant-Counter-Claimant-Appellant.

April 8, 1997.

Appeal from the United States District Court for the Northern District of Georgia.  (No. 1:94-CV-1225-MHS).  Marvin H. Shoob, District Judge.

Before BIRCH and CARNES, Circuit Judges, and MICHAEL[*], Senior District Judge.

CARNES, Circuit Judge:

After International Business Machines (IBM) canceled its Retirement Education Assistance Program (REAP), the plaintiffs, former REAP beneficiaries, brought state law claims for breach of contract and fraud against IBM in state court.  IBM removed the case to federal district court on federal question grounds, and then sought dismissal of the plaintiffs' claims as preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA).  The district court denied IBM's motion to dismiss, but it granted IBM's motion to certify the preemption issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  We granted permission for the interlocutory appeal in order to decide whether claims for REAP, a non-ERISA benefit, are nonetheless preempted by ERISA because of REAP's inclusion in a multibenefit plan containing

[*]Honorable James H. Michael, Senior U.S. District Judge for the Western District of Virginia, sitting by designation.

ERISA benefits.

For the reasons that follow, we hold that REAP's inclusion in a multibenefit plan containing ERISA benefits does not make REAP itself an "employee welfare benefit plan" governed by ERISA. Likewise, its inclusion also fails to turn the plaintiffs' state law claims for REAP benefits into claims for ERISA benefits under 29 U.S.C. § 1132(a). Because the plaintiffs' state law claims may not be "recharacterized" as federal claims for ERISA benefits, the plaintiffs' complaint does not include a sufficient federal question to support removal jurisdiction. Therefore, the federal courts lack subject matter jurisdiction over this case, and it must be remanded to state court for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

In 1992, IBM offered certain employees an early retirement and leave program known as Individual Transition Options II (ITO-II). In order to provide eligible employees with pertinent information regarding the benefits in ITO-II, IBM created and distributed a summary plan description (SPD). The ITO-II SPD includes, among other things, eligibility requirements for participation, administrative procedures, the name of the plan administrator, and a list and description of benefits offered under the plan. The first page of the SPD also contains a footnote, stating that ITO-II is subject to ERISA.

One of the benefits mentioned in the ITO-II SPD is REAP. At the time ITO-II was implemented, the REAP benefit consisted of reimbursements for certain educational expenses in an amount up to $2,500. IBM had voluntarily provided REAP to eligible IBM

employees and their spouses prior to ITO-II. The SPD states that employees who elected to participate in ITO-II would continue to have access to REAP. In December 1992, IBM revoked or suspended the REAP benefit.

The plaintiffs are two former IBM employees who elected to participate in ITO-II while it included REAP, and the spouse of one of them. They filed suit in state court. In their complaint, the plaintiffs allege that IBM fraudulently induced them to take early retirement under ITO-II by offering continued access to REAP, and that IBM breached its contract with the plaintiffs to continue REAP.[1] The plaintiffs seek relief on behalf of themselves and a proposed class of persons consisting of ITO-II participants and their spouses.

IBM removed the case to federal district court on the ground of ERISA preemption and moved to dismiss the plaintiffs' claims. While conceding that some of the benefits provided in ITO-II, if they were provided individually, would not be governed by ERISA, IBM argued in its motion that ITO-II is, as a whole, an ERISA employee welfare benefit plan. Based on this reasoning, IBM argued that the plaintiffs' claims must be dismissed because they "relate to" ITO-II and are therefore preempted.

Because IBM presented evidence beyond the pleadings in its motion, the district court converted the motion into one for summary judgment. The district court then denied the motion. The

---

[1]The spouse-plaintiff could not participate in the early retirement program but was entitled to use the REAP benefit. The spouse-plaintiff alleges an injury similar to that alleged by the employee-plaintiffs.

court held that the plaintiffs' claims were not preempted by ERISA, even though their claims may relate to ITO-II, because ITO-II "as a whole" is not an ERISA "plan." The court explained:

> While it appears that ITO-II certainly provides numerous ERISA benefits, it also contains non-ERISA benefits. Defendant asks the Court to sweep the non-ERISA benefits up into the ERISA benefits and consider the entire benefits package as an ERISA plan. Defendant has cited no authority for the Court to do this. In fact, defendant cites contrary authority. In *Williams v. Wright,* 927 F.2d 1540, 1550 (11th Cir.1991), a case involving a multibenefit retirement package, the Eleventh Circuit treated the ERISA benefits as a "plan" subject to ERISA and the non-ERISA benefits as separate and subject to state law. The Court is compelled to follow Eleventh Circuit precedent and therefore concludes that state law should apply to non-ERISA benefits that are part of a multibenefit package containing ERISA and non-ERISA benefits.

Order of March 30, 1995, at 6 (footnote omitted).

In that same order, the district court also denied the plaintiffs' motion to remand the case to state court for lack of federal question jurisdiction. The court stated that it could not decide whether the plaintiffs' complaint presented a federal question, because the court lacked sufficient information to determine whether REAP is an ERISA benefit or a non-ERISA benefit.[2] The court said it would allow plaintiffs to renew their motion for remand after discovery.

IBM filed a 28 U.S.C. § 1292(b) motion for interlocutory appeal of the March 30, 1995 order and opinion. Pursuant to § 1292(b), the district court found "substantial ground for difference of opinion" on an issue, the resolution of which would materially advance the termination of the case, and certified for

_____

[2]At that point, IBM had not conceded that REAP, standing alone, is not an ERISA benefit. IBM made that concession during oral argument before this Court.

appeal its holding that ERISA:

> does not preempt a claim involving an educational assistance program funded from general corporate assets which is part of a multibenefit plan containing ERISA and non-ERISA benefits.

Order of May 4, 1995 at 1. We granted permission for the interlocutory appeal.

Because this appeal comes before us on the denial of summary judgment, we review the district court's conclusions *de novo.* *See Menuel v. City of Atlanta,* 25 F.3d 990, 994 n. 7 (11th Cir.1994) (de novo review applies to denial of summary judgment certified for appeal pursuant to 28 U.S.C. § 1292(b)).

## II. DISCUSSION

In its order denying IBM's motion for summary judgment and the plaintiffs' motion for remand, the district court first analyzed IBM's argument for preemption and then addressed the jurisdictional issue. In contrast, we shall begin by addressing the plaintiffs' contention that the district court lacks jurisdiction over this case. After deciding the jurisdictional issue, we will consider as much of the preemption issue, which is the issue certified by the district court, as our jurisdiction permits.[3]

A. REMOVAL JURISDICTION

A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the

---

[3]As we have held before, the jurisdiction of this Court is not confined to the precise question certified by the district court, "because the district court's order, not the certified question, is brought before the court" on a § 1292(b) appeal. *Aldridge v. Lily-Tulip, Inc.,* 40 F.3d 1202, 1207 (11th Cir.1994). *See also* 1 *Susan H. Black et al., Federal Appellate Procedure—11th Circuit* § 3:203 (1996).

case been brought there originally. 28 U.S.C. § 1441. A federal district court has original jurisdiction over diversity cases and cases arising under federal law. 28 U.S.C. §§ 1331, 1332. No diversity exists between the plaintiffs and IBM, so we must decide whether the plaintiffs' case arises under federal law.

A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint" rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court. 13B *Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure* § 3566 (1984).

Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid. *See, e.g., Franchise Tax Board,* 463 U.S. at 25-28, 103 S.Ct. at 2854-56 (holding that ERISA preemption defense, without more, does not create removal jurisdiction). The plaintiffs in this case brought only state law claims. IBM removed this case to federal court on the ground of ERISA preemption, a

federal law defense.  Under the general terms of the well-pleaded complaint rule, the removal of this case to federal court was improper, because the preemption defense is not presented on the face of the complaint.

However, there is a qualification to the well-pleaded complaint rule:  a doctrine known as "complete preemption" or "super preemption."  Under that doctrine, Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction.  *E.g., Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)).  Such "complete preemption" will convert state law claims into federal claims for the purposes of the well-pleaded complaint rule, allowing a defendant to remove the case to federal court. Congress has accomplished this "complete preemption" in 29 U.S.C. § 1132(a), which provides the exclusive cause of action for the recovery of benefits governed by an ERISA plan.  *Metropolitan Life,* at 65-67, 107 S.Ct. at 1547-48.  State law claims seeking relief available under § 1132(a) are recharacterized as ERISA claims and therefore "arise under" federal law.  *Id.* at 67, 107 S.Ct. at 1548.  *See also* 1 *William W. Schwarzer et al, Federal Civil Procedure Before Trial* §§ 2:768-2:769 (1996).

To sum up, the jurisdictional issue in this case turns on whether the plaintiffs are seeking relief that is available under 29 U.S.C. § 1132(a).  If they are,*Metropolitan Life* requires us to

recharacterize the plaintiffs' claims as an ERISA claim and hold that removal jurisdiction exists.  But if the plaintiffs are not seeking relief available under § 1132(a), then the plaintiffs' claims may not be recharacterized as a claim under § 1132(a), and no federal question jurisdiction exists.

Section 1132(a) states that a participant or beneficiary of a "plan" may bring suit "to recover benefits due to him under the terms of his plan...."  29 U.S.C.A. § 1132(a)(1)(B) (West 1985).  The term "plan" as used in ERISA means an "employee welfare benefit plan" (or an employee pension benefit plan, which is not at issue in this case).  *See* 29 U.S.C.A. § 1002(3) (West Supp.1996).  IBM conceded at oral argument that REAP, standing alone, is not an employee welfare benefit plan covered by ERISA.  According to the plaintiffs, that concession is determinative.  The plaintiffs argue that REAP is the "plan" from which they seek benefits, and because REAP is not an employee welfare benefit plan, their claims are outside the scope of § 1132(a).  In response, IBM argues that:  (1) ITO-II, as a whole, is an employee welfare benefit plan;  (2) REAP cannot be severed from the ITO-II multibenefit package;  and, therefore, (3) claims for REAP are claims for ITO-II benefits that fall within the scope of § 1132(a).

So, in order to determine whether the plaintiffs are stating claims under § 1132(a), which will determine whether federal question jurisdiction exists, we must decide if REAP became an ERISA-covered plan as a result of IBM's inclusion of REAP in ITO-II.  The district court addressed this "plan within a plan" subissue in the process of addressing whether the plaintiffs'

claims for REAP benefits are preempted by ERISA. Although we agree that subissue must be addressed, we believe that it should be done in the context of deciding federal question jurisdiction (and thus removal jurisdiction). An ordinary ERISA preemption defense, even if valid, is not enough to create federal question jurisdiction. *E.g., Franchise Tax Board,* at 25-28, 103 S.Ct. at 2854-56. Therefore, we decide the "plan within a plan" subissue, which is determinative of the § 1132(a) issue and therefore of the "complete preemption" question, as a means of deciding if this case was properly removed to federal court.

We will now analyze whether claims for a benefit plan not covered by ERISA fall within the scope of § 1132(a) as a result of that non-ERISA plan being provided in a multibenefit plan along with ERISA-covered employee welfare benefit plans.

B. THE PARAMETERS OF AN ERISA "PLAN"

We begin with the language of ERISA's definitional statute. According to ERISA, an "employee welfare benefit plan" governed by ERISA includes:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, *to the extent that such plan, fund, or program was established or is maintained for the purpose of providing* for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services....

29 U.S.C.A. § 1002(1) (West.Supp.1996) (emphasis added). In other words, a plan is an "employee welfare benefit plan" to the extent, and only to the extent, that it is maintained for the purpose of

providing the types of benefits that Congress decided to protect in ERISA ( *hereinafter,* the "ERISA benefits").  Or, as we have explained before:

> [a] plan, fund or program furnishing both benefits listed in ERISA § 3(1), 29 U.S.C. § 1002(1) or § 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c), and benefits not listed in those sections, is subject to ERISA to the extent the plan, fund or program has as its purpose the providing of the enumerated benefits.

*Donovan v. Dillingham,* 688 F.2d 1367 n. 5 (11th Cir.1982) (en banc).  The language of our *Donovan* decision indicates that ERISA coverage within a multibenefit plan does not reach beyond the benefits described in § 1002(1).  That means non-ERISA benefits do not fall within ERISA's reach merely because they are included in a multibenefit plan along with ERISA benefits.

We applied the *Donovan* interpretation of the statutory language in *Williams v. Wright,* 927 F.2d 1540 (11th Cir.1991), a case that involved issues of ERISA coverage in a multibenefit plan. We held in *Williams* that certain non-ERISA benefits, *e.g.,* payment of a country club membership, promised by an employer to an employee in a multibenefit retirement package that also provided ERISA benefits, were not covered by ERISA.  *See* 927 F.2d at 1549 n. 17, 1550.  In so holding, we cited 29 U.S.C. § 1002, which provides the definition of an employee welfare benefit plan.  *Id. Williams* establishes that an employer's decision to provide a non-ERISA benefit in a multibenefit plan containing ERISA benefits does not turn the non-ERISA benefit into an employee welfare benefit plan.

The parties agree that ERISA does not govern REAP.  It follows that according to the ERISA definition of an employee welfare benefit plan, as interpreted in *Donovan* and *Williams,* REAP is not

part of an employee benefit plan as a result of its inclusion in ITO-II. Because the plaintiffs are not seeking benefits from an employee welfare benefit plan, their claims do not fall within the scope of 29 U.S.C. § 1132(a). Since the plaintiffs' claims do not fall within § 1132(a), those claims may not be recharacterized as an ERISA claim under that section, and no "complete preemption" exists. For that reason, there is no federal question jurisdiction and this case was improperly removed to federal court.

## C. DEFENSIVE PREEMPTION: THE "RELATES TO" TEST

IBM strenuously argued before this Court that the plaintiffs' claims must be preempted because those claims "relate to" an ERISA plan. ERISA supersedes "any and all State laws" that "relate to any employee benefit plan." 29 U.S.C.A. § 1144(a) (West 1985). If the plaintiffs' claims sufficiently relate to an ERISA plan, ordinary preemption principles would bar the plaintiffs' state law action. We can not decide whether the plaintiffs' claims relate to an ERISA plan, however, because we have no jurisdiction over this case. The defense of ordinary ERISA preemption, by itself, does not create federal question jurisdiction. *See Franchise Tax Board,* 463 U.S. at 7, 27-28, 103 S.Ct. at 2845, 2855-56. Without any basis for federal jurisdiction over a case, a federal court can not decide a preemption defense. Any defensive preemption arguments IBM seeks to raise will have to be decided, if at all, in state court.

## III. CONCLUSION

We VACATE the district court's order denying summary judgment and REMAND to the district court with instructions to REMAND this

case to state court.