Irene JONES, Jimmy Gordy, Lilly Franklin, Margaret Callaway, Caldonia Jackson, Patricia Jones, and Brenda Myers, Plaintiffs,

v.

LMR INTERNATIONAL, Custom Services International, Inc., Great–West Health Care, Great–West Life and Annuity, and Lillie Thomas, Defendants.

No. CIV.A.2:04 CV 538–A.

United States District Court, M.D. Alabama, Northern Division.

Jan. 4, 2005.

Richard Freeman Horsley, Goozee, King & Horsley, Birmingham, AL, for Irene Jones, Jimmy Gordy, Lilly Franklin, Margaret Callaway, Caldonia Jackson, Patricia Johnson, Brenda Myers, Plaintiffs.

Ron Schlager, Sherman Oaks, CA, for LMR Intern., Custom Services Intern., Inc.

Michael Lester Bell, Sarah Oliver Warburton, Wynn Miles Shuford, Lightfoot Franklin & White LLC, Birmingham, AL, for Great West Health Care a business or corporation, Great West Life and Annuity a business or corporation, Lillie Thomas.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Senior District Judge.

## I. INTRODUCTION

This cause is before the court on a Petition to Remand, filed by the Plaintiffs on July 26, 2004 (Doc. # 10).

The Plaintiffs originally filed a Complaint in this case in the Circuit Court of Barbour County, Alabama, Eufaula Division. The Plaintiffs bring claims for fraud (Count One), suppression and deceit (Count Two), breach of contract (Count Three), civil theft (Count Four), unjust enrichment (Count Five), negligence (Count Six), and wantonness (Count Seven).

Defendants Great–West Health Care, Inc. and Great–West Annuity Insurance Company (collectively "Great–West") filed a Notice of Removal, stating that this court has federal question subject matter jurisdiction because the Plaintiffs' state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"). Defendants LMR International, Inc. ("LMR"), Custom Services International, Inc., and Lillie Thomas joined in the Notice of Removal.

The Plaintiffs have conducted discovery on the jurisdictional issue and have moved to remand the case to state court for lack of subject matter jurisdiction.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. *MOTION TO REMAND STANDARD*

 Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors re-

mand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

## III. *FACTS*

The Plaintiffs were employees of Defendant LMR. LMR offered an employee benefits plan under which it purports to have been a self-insurer, although there is also evidence of a stop loss agreement with Great–West. Great–West was the plan administrator and performed services such as claims processing. Other benefits were also offered to the Plaintiffs under a cafeteria plan. Those benefits were administered by AFLAC, which is not a party in this case.

In 2003, LMR is alleged by the Plaintiffs to have deducted money from the Plaintiffs' paychecks for the health benefits plan. Despite the deductions, the Plaintiffs allege that LMR failed to remit the funds to Great–West. According to the Defendants' evidence, LMR failed to fund its account for claims paid on its behalf, and Great–West terminated its contract with LMR. The Plaintiffs allege that the Defendants did not notify the Plaintiffs that their insurance coverage was canceled. As a result, the Plaintiffs incurred costs of medical treatment and were denied insurance coverage. The Plaintiffs allege that they have suffered the following damages: economic loss, civil theft, unjust enrichment, mental anguish and emotional distress, loss of health insurance coverage, embarrassment and humiliation, and permanent damages.

## IV. *DISCUSSION*

 Removal of a case to federal court is only proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, the Defendants argue that removal was proper because the court has federal question ju-

risdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See id.* at 393, 107 S.Ct. 2425.

▇ There are, however, exceptions to the well-pleaded complaint rule. One exception is known as the "complete preemption" doctrine. *Id.* This exception is recognized in the rare instance that Congress so "completely pre-empts a particular area that any civil complaint . . . is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

The Supreme Court has determined that the uniform regulatory scheme established by ERISA is one area in which Congress intended to provide for complete preemption. *Metropolitan Life Ins. Co.,* 481 U.S. at 64–67, 107 S.Ct. 1542. Before this court applies complete preemption analysis in the instant case, the court finds it necessary to point out, as this court has discussed on previous occasions, that it appears that two complete preemption tests have developed in Eleventh Circuit law. *See e.g., York v. Ramsay Youth Serv. of Dothan,* 313 F.Supp.2d 1275 (M.D.Ala.

2004). One test was first applied in *Franklin v. QHG of Gadsden, Inc.,* 127 F.3d 1024 (11th Cir.1997), and also applied in *Hall v. Blue Cross/Blue Shield of Ala.,* 134 F.3d 1063 (11th Cir.1998). Another test was set out in *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207 (11th Cir.1999), and applied in *Ervast v. Flexible Products Co.,* 346 F.3d 1007 (11th Cir. 2003), *cert. denied,* —— U.S. ——, 125 S.Ct. 30, 160 L.Ed.2d 10 (2004). Neither *Butero* nor *Ervast,* however, acknowledged that *Franklin* and *Hall* were applying a different test, although both *Butero* and *Ervast* cite to *Franklin.*[1]

The Eleventh Circuit's jurisdictional analysis in *Franklin–Hall* turns on the question of whether state laws "relate to" an ERISA plan, and appears to conflate defensive (29 U.S.C. § 1144) and complete preemption (29 U.S.C. § 1132). *Franklin,* 127 F.3d at 1029; *Hall,* 134 F.3d at 1065 (citing 29 U.S.C. § 1144(a)). *Butero,* on the other hand, does not apply the "relate to" test in determining whether claims are completely preempted, but instead distinguishes between "relate to" defensive preemption (29 U.S.C. § 1144) and complete preemption (29 U.S.C. § 1132). *Butero,* 174 F.3d at 1212.

In previous opinions, such as *York,* this court had expressed reservations in following *Butero* because it was decided after *Franklin.* Under the prior panel rule of this circuit, the earlier decision by a panel governs until overruled by the Circuit *en banc* or by the United States Supreme Court. *See e.g., United States v. Woodard,* 938 F.2d 1255 (11th Cir.1991). Upon

---

1. In *Ervast,* the court stated that "in *Butero,* we did not follow the language in *Franklin,* and considered it dicta." *Ervast,* 346 F.3d at 1013 n. 7. The *Butero* court did note that "*Franklin* suggests in dicta (since the issue was not before it) that an insurance company allegedly obligated to pay benefits under a plan is not considered an ERISA entity if the complaint alleges pre-policy fraud. *See Franklin,* 127 F.3d at 1029." *Butero,* 174 F.3d at 1213 n. 3. The *Butero* court did not explicitly state, however, that the method of analysis utilized by the Eleventh Circuit in *Franklin* in determining that a federal court had jurisdiction over the case was also dicta.

further consideration, however, it appears to the court that *Butero* was not announcing a new rule in conflict with a rule set forth in *Franklin*, but was instead synthesizing from other cases the analytical elements to be applied in complete preemption analysis. One case from which the *Butero* analysis was synthesized was *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 713–14 (11th Cir. 1997). *See Butero*, 174 F.3d at 1212.

In *Kemp*, the court clearly stated that the question in the complete preemption inquiry was whether benefits were sought under § 1132, and clearly designated the "relate to" test as a defensive preemption test under § 1144. *See Kemp*, 109 F.3d at 714. *Kemp* was decided in April of 1997, while *Franklin* was decided in November of 1997. In fact, *Franklin* cites to *Kemp* for the proposition that § 1132 governs the complete preemption analysis, before applying § 1144 "relate to" analysis. *Franklin*, 127 F.3d at 1028. Therefore, the concepts set forth in *Kemp*, later synthesized in *Butero*, pre-date the application of the "relate to" test as a jurisdictional inquiry in *Franklin*. Accordingly, this court will follow *Kemp* and *Butero*, rather than *Franklin*, and will not apply any "relate to" analysis in the jurisdictional inquiry in this case.[2]

■ The Eleventh Circuit set out four elements in *Butero* for finding complete preemption under ERISA: one, there must be a relevant ERISA plan; two, the plaintiff must have standing to sue under that plan; three, the defendant must be an ERISA entity; and four, the complaint must seek compensatory relief akin to that available under § 1132(a), which is normally akin to a claim for benefits due under a plan. *Butero*, 174 F.3d at 1212.

The predominant issue in this case is whether there is an ERISA plan. That is, the Plaintiffs contend that their health insurance coverage was terminated on or before January 1, 2004, and that the termination was concealed by the Defendants. The Plaintiffs argue that there can be no complete preemption of their state law claims because there was no health insurance plan in existence at the time that damages accrued.

■ The Defendants argue that the ERISA plan still exists. They advance two arguments in this regard. One argument raised by the Defendants is that the cafeteria plan of which the health benefits were a part still exists. The court agrees with the Plaintiffs, however, that the Defendants' evidence with respect to the cafeteria plan, and the benefits administered by AFLAC, is not dispositive of the jurisdictional issue. There is insufficient evidence before the court from which to conclude that any benefits administered by AFLAC are part of an ERISA plan. Therefore, even if the health benefit administered by Great–West is part of a larger cafeteria plan, that does not transform the entire plan into an ERISA plan. *See Kemp*, 109 F.3d at 713–14. Accordingly, the mere existence of a cafeteria plan does not establish that the health benefits are part of a currently maintained ERISA plan.

The Defendants have also argued that the ERISA plan still exists because the only agreement which terminated was the administrative services contract with Great–West. The Defendants have presented evidence that Great–West has never terminated any ERISA plan established by LMR for its employees, and that

---

**2.** Some of the cases relied on by the Defendants, for example, *Ellison v. SpectraStar*, No. 94–56483, 1996 WL 368746 at *3 (9th Cir. Jul.2, 1996), are defensive preemption cases.

To the extent that the court has considered such cases, it has considered them only for analysis as to a part of the jurisdictional inquiry, and not for "relate to" analysis.

Great–West does not have the authority to do so. *See* Affidavit of DeAnne Moldenhauer. The Plaintiffs, on the other hand, provide the deposition testimony of Sheila White, Director of Human Resources at LMR, in which she states that after March 2004, "[t]here were benefit plans, but there were no health benefits." White Dep. at page 106: 19–20.

Even accepting Moldenhauer's affidavit, the evidence is that the contract between Great–West and LMR had terminated. Even if LMR might have had the ability to pay health claims of employees without Great–West as the administrator of the benefits plan, the Defendants have not met their burden of demonstrating that any such administrator-less plan would meet the characteristics of an ERISA plan. *See Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982). Therefore, it appears to the court that the plan administered by Great–West, the only plan which the Plaintiffs apparently concede was governed by ERISA, lapsed. The issue, therefore, is whether ERISA completely preempts state law claims even though the plan governed by ERISA has lapsed.

The Plaintiffs have cited some authority for the proposition that there can be no complete preemption if no ERISA plan currently exists. The strongest authority, *Whitt v. Sherman International Corp.*, 147 F.3d 1325 (11th Cir.1998), has some broad language that may be construed to support such a proposition. In *Whitt*, however, no ERISA plan had been established at the time of the employee's termination, no ERISA plan had been established at the time of removal, and the court concluded that the plan established after removal was not retroactive. *Id.* at 1331, 1333. Therefore, there was no relevant point at which an ERISA plan had been established. *See Adair v. Johnston*, No. 03–T–731–N, 2003 WL 23469844 at \*6 (M.D.Ala. Oct.24, 2003) ("The [*Whitt* ] court held that there was no

ERISA 'plan' in place at the time of the plaintiff's termination because the company had not decided which—if any—executive incentive program to adopt."). In this case, by contrast, an ERISA plan was established by the employer, but then lapsed.

This court has previously had occasion to examine under the *Butero* test a plan which had lapsed due to an employer's failure to pay insurance premiums. In *York*, the insurance policy was paid for by payroll deductions, but the employer failed to pay the insurer and the policy lapsed. *York*, 313 F.Supp.2d at 1277–78. The coverage was ultimately renewed, but coverage was not made retroactive, and the plaintiffs incurred medical costs during the time period in which the policy had lapsed. *Id.* at 1278. In the discussion of the pending motion to dismiss the state law claims, this court conducted both defensive and complete preemption analysis. In the context of the defensive preemption analysis, this court reasoned that because ERISA provisions would have to be considered to determine what duties are imposed upon an ERISA fiduciary and the terms of the plan would have to be considered to assess the plaintiffs' damages, the plaintiffs' claims relate to an ERISA plan and the state law claims were defensively preempted. *Id.* at 1280. In connection with the complete preemption analysis, the court stated that an ERISA plan existed under which the plaintiff had standing to sue, and that by seeking a return of the ERISA plan payments and reimbursement for medical costs that were incurred because the employer allowed the coverage to lapse, the plaintiff sought relief akin to that available under 29 U.S.C. § 1132(a). *Id.* at 1283.

The only difference between *York* and this case is that the insurance plan lapsed and was not renewed. That is a distinc-

tion without a difference, however, because this court did not rely on the fact of renewal in determining that there was jurisdiction by virtue of complete preemption in *York. See id.*

The foregoing analysis is consistent with the plain language of the statute. ERISA defines the terms "employee welfare benefit plan" and "welfare plan" as any plan, fund, or program which "was heretofore or is hereafter established" or maintained by an employer to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants benefits in the event of sickness, accident, disability, etc. 29 U.S.C. § 1002(1). "The statute uses the disjunctive word 'or,' requiring only that the plan either be 'established or maintained' as an ERISA plan." *Nix v. United Health Care of Ala., Inc.,* 179 F.Supp.2d 1363, 1369 (M.D.Ala.2001).

■ In this case, the Plaintiffs' claims arise from a plan "established" as an ERISA plan which then lapsed when the administrative services contract terminated. "[T]the fact that the statute defines an 'employee welfare benefit plan' as being 'established or maintained' (rather than, 'established and maintained') by an employer, allows for a situation that exists here . . . ." *Reber v. Provident Life & Acc. Ins. Co.,* 93 F.Supp.2d 995, 1007–08 (S.D.Ind.2000). Under the plain language of the statute, because the plan was established as an ERISA plan, ERISA governs claims made under the plan, even though the plan was not maintained after a certain point. *See Adair,* 2003 WL 23469844 at *3 (finding that elements of complete preemption were met where policy had lapsed); *see also Ellison v. SpectraStar,* No. 94–56483, 1996 WL 368746 at *3 (9th Cir. Jul.2, 1996) (unpublished opinion) (holding that there is an ERISA plan because one was established by the employer, even though benefits expired due to a failure to pay premiums); *Bonestroo v. Continental Life and Acc. Co.,* 79 F.Supp.2d 1041, 1046, 1055 (N.D.Iowa 1999) (ERISA preempts state law claims under § 1132 even though group policy was cancelled for failure to pay premiums).

This analysis is also consistent with the analysis in cases in which an ERISA plan was established in the form of an insurance policy, and the insurance policy changed characteristics by being converted to another policy, but was still governed by ERISA. *See Glass v. United of Omaha Life Ins. Co.,* 33 F.3d 1341, 1346–47 (11th Cir.1994); *Nix,* 179 F.Supp.2d at 1368–70.

The Plaintiffs' argument that there should be a point in time at which a plan established, but not maintained, by the employer is no longer governed by ERISA is an issue to be taken up by Congress, not this court. The court also notes, however, that this application of the plain language of the statute also is consistent with Congress' intent that "the civil enforcement section . . . enable participants and beneficiaries to bring suit to recover benefits denied contrary to the terms of the plan and that when they did so . . . such actions will be regarded as arising under the laws of the United States . . . ." *Metropolitan Life Ins. Co.,* 481 U.S. at 66, 107 S.Ct. 1542. This court concludes, based on the plain language of the statute, that an ERISA plan was established, and that the first *Butero* complete preemption element is met.

■ With respect to the standing element of complete preemption, *Willett v. Blue Cross and Blue Shield of Alabama,* 953 F.2d 1335 (11th Cir.1992), albeit not a jurisdictional case, lends support for the conclusion that the Plaintiffs are plan participants with standing to sue under ERISA. In *Willett,* the plaintiffs brought both ERISA and common law claims arising out of the employer's and the insurer's

failure to inform the plaintiffs that the insurance policy had lapsed for failure of monthly fees. The insurer raised an issue that it could not be liable to one of the plaintiffs[3] for plan benefits because that employee was never covered by the plan, because the plan was suspended before his benefits were set to begin. The court explained that to bring a suit for benefits under the plan, the plaintiff had to qualify as a plan participant or beneficiary. *Id.* at 1342. The court concluded that because the plaintiff would have been entitled to coverage if the premiums had been paid, he was a plan participant. *Id.* at 1342–43. Therefore, the plan participant in *Willett* had standing to sue even though the plan was suspended before he was eligible to participate in it. *Id.* at 1343.

Similarly, in *York*, this court concluded that a plaintiff had standing to bring claims for return of premiums for the period during which the policy had lapsed. *York*, 313 F.Supp.2d at 1283. In this case, as in *Willett* and *York*, the Plaintiffs have standing to bring claims under ERISA.

As to the third *Butero* element, there is apparently no dispute that LMR is an ERISA entity.[4] The third element is, therefore, met in this case.

 With regard to the relief sought, the Plaintiffs argue that the mere fact that the Plaintiffs' damages relating to medical bills may be affected by a calculation of benefits that were misrepresented by the Defendants is not sufficient to warrant complete preemption, citing *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1406 (11th Cir.1994). Irrespective of the manner in which they may characterize their claims in their briefs, however, the Plaintiffs have brought claims for breach of contract. No contract other than the benefits plan has been alleged as a basis for a breach of contract claim. The Plaintiffs have also brought a claim for fraud. In *Butero*, the court made clear that claims against an insurer for fraud and fraud in the inducement to purchase a policy are in essence claims "to recover benefits due to [the beneficiary] under the terms of the plan." *Butero*, 174 F.3d at 1213. The employer is alleged to be a self-insurer in this case. The Plaintiffs also seek damages for loss of health insurance coverage. Therefore, in this case, as in *York*, relief akin to that in § 1132(a) is sought and there is complete preemption under ERISA.

## IV. CONCLUSION

For the reasons discussed, the court concludes that there is complete preemption under ERISA of state law claims brought by the Plaintiffs. Accordingly, this court has subject matter jurisdiction and the Motion to Remand is due to be and is hereby ORDERED DENIED.

The Plaintiffs are given until January 18, 2005 to file an Amended Complaint which seeks appropriate relief under ERISA, should they choose to do so. Any amendment should be complete unto itself and not incorporate any previous pleadings by reference. *See* Local Rule 15.1.

---

3. There apparently was no question that the other plaintiffs who were receiving benefits under the plan at the time of its lapse were eligible to seek plan benefits.

4. The Plaintiffs contend that Defendants Lillie Thomas and Great–West are not ERISA entities. Such a contention does not raise a jurisdictional issue, however, as supplemental jurisdiction can be exercised if there are completely preempted state law claims brought against an ERISA entity.