JoAnn **GARRISON** and David Garrison, individually, and JoAnn Garrison and David Garrison, as parents of Michaella Garrison, deceased, Plaintiffs,

v.

**NORTHEAST GEORGIA MEDICAL CENTER, INC., the Longstreet Clinic, P.C., and Principal Health Care of Georgia, Inc., Defendants.**

No. CIV. 2:99–CV–08–WCO.

United States District Court, N.D. Georgia, Gainesville Division.

April 20, 1999.

J. Vincent Cook, Cook Noell Tolley Bates & Michael, Athens, GA, for JoAnn Garrison, individually, and as parent of deceased Michaella Garrison, David Garrison, individually, and as parent of deceased Michaella Garrison, plaintiffs.

Thomas M. Cole, Whelchel & Dunlap, Gainesville, GA, for Northeast Georgia Medical Center, Inc., defendant.

Weymon H. Forrester, Forrester & Brim, Gainesville, GA, for the Longstreet Clinic, P.C., defendant.

Vernon Robert Denham, Jr., Kathlynn L. Butler, Powell Goldstein Frazer & Murphy, Atlanta, GA, for Principal Health Care of Georgia, Inc., defendant.

### ORDER

O'KELLEY, Senior District Judge.

This case is before the court for consideration of plaintiffs' motion to remand [14–1], plaintiffs' motion to stay the ruling on plaintiffs' motion to remand [18–1], defendant Principal Health Care of Georgia, Inc.'s ("Principal") motion to file a surreply to plaintiffs' reply in support of the motion for remand, and Principal's motion to dismiss [20–1]. Plaintiffs are asserting claims arising from the medical care given to JoAnn Garrison during the delivery of her child, Michaella Garrison. Plaintiffs filed the instant action in the State Court of Fulton County, and the case was subsequently removed to the United District Court for the Northern District of Georgia, Atlanta Division. In the Notice of Removal, defendants asserted that the district court has jurisdiction under 28 U.S.C. § 1331 because plaintiffs' claim for the denial of benefits raises federal questions governed by sections 502 and 514 of the Employee Retirement Income Security Act ("ERISA"). Defendants then moved to transfer venue to the United District Court for the Northern District of Georgia, Gainesville Division, and the motion was granted.

### MOTION TO STAY

Plaintiffs move to stay this court's ruling on plaintiffs' motion to remand until after plaintiffs have had a chance to depose the individuals who signed affidavits attached to defendants' opposition to the motion to remand. Specifically, plaintiffs assert that by submitting affidavits, Principal has created a question of fact on whether Principal's agents entered into the unlicensed practice of medicine, the basis of plaintiffs' claim against Principal. Principal opposes the motion to stay, asserting that the affidavits go to the factual inaccuracies in plaintiffs' complaint, which is a collateral issue in considering the motion to remand. This court agrees.

The jurisdictional inquiry under 28 U.S.C. § 1331 focuses on the allegations of the well-pleaded complaint. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Because the court must take these allegations as true in determining whether federal question jurisdiction exists, the court will make no determination as to whether Principal entered into the unlicensed practice of medicine. Instead, the court will look at the face of the complaint and determine whether it has jurisdiction. The court sees no reason to stay its ruling on the motion to remand. Accordingly, plaintiffs' motion to stay is DENIED.

### MOTION FOR LEAVE TO FILE A SURREPLY

Principal moves for leave to file a surreply to plaintiffs' reply in support of the motion to remand because plaintiffs introduced two new arguments in their

reply brief. No authorization exists in the Federal Rules of Civil Procedure or the local rules for the Northern District of Georgia for parties to file surreplies. To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs. Moreover, after review of plaintiffs' various briefs, the court finds that plaintiffs have merely extended the arguments that they originally made in their motion to remand. Accordingly, Principal's motion for leave to file a surreply to plaintiffs' reply is DENIED.

## MOTION TO REMAND

▆ Plaintiffs move to remand to the State Court of Fulton County for lack of subject matter jurisdiction. Removal statutes are construed narrowly. *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). "Where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* In determining whether there is jurisdiction under 28 U.S.C. § 1331, federal courts look to see whether plaintiff has asserted a claim that "arises under" federal law as set forth in his well-pleaded complaint. *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. 3229. In most cases, "a suit arises under the law that creates the cause of action." *Id.* (citations omitted). "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

▆ However, even though state law creates a plaintiff's causes of action, a case might still "arise under" federal law "if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Board of the State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). That is, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). This "complete preemption" doctrine "will convert state law claims into federal claims for the purposes of the well-pleaded complaint rule, allowing a defendant to remove the case to federal court." *Kemp v. International Business Machines Corp.,* 109 F.3d 708, 712 (11th Cir.1997). "[I]t is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. 2841 (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists,* 376 F.2d 337, 339–40 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)).

▆ In applying the well-pleaded complaint rule and the complete preemption doctrine to cases in which ERISA is implicated, the Supreme Court has held that state law claims in which it is anticipated that the defendants will invoke preemption under section 514 of ERISA, 29 U.S.C. § 1144, does not arise under federal law, and federal court jurisdiction is improper. *Franchise Tax Board,* 463 U.S. at 26–28, 103 S.Ct. 2841. In contrast, claims seeking relief available from section 502(a), ERISA's civil enforcement provision, 29 U.S.C. § 1132, are completely preempted, and removal jurisdiction exists. *Metropolitan Life,* 481 U.S. at 65–67, 107 S.Ct. 1542; *see Whitt v. Sherman Int'l Corp.,* 147 F.3d 1325, 1329–30 (11th Cir.1998); *Kemp,* 109 F.3d at 712. Section 502(a) states in relevant part: "A civil action may be brought—(1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

As an initial matter, the court considers plaintiffs' request to be allowed to amend their motion to remand in the event that Principal submits evidence that Principal's plan covering medical benefits to Mrs. Garrison (the "Plan") is an employee welfare benefit plan under ERISA. After careful review of the evidentiary materials Principal has submitted, the court is confident that the Plan is an ERISA employee welfare benefit plan. *See Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102 (11th Cir.1999) (outlining five factors in determining whether a plan falls under the definition of an ERISA employee welfare benefit plan). Plaintiffs were aware through the notice of removal that defendants based jurisdiction on the fact that Mrs. Garrison was covered under an ERISA welfare benefit plan and her claims were completely preempted by section 502 of ERISA. If plaintiffs had in their possession at the time of the filing of the motion to remand evidence which showed that Mrs. Garrison was not covered under an ERISA employee welfare benefit plan, plaintiffs should have made the argument in their motion to remand. Instead, plaintiffs filed a motion to remand, contesting complete preemption under ERISA and assuming that Principal's Plan was an ERISA plan. In addition, plaintiffs have continued to rely on this assumption in their reply brief and did not avail themselves of that opportunity to deny that Mrs. Garrison was covered under an ERISA plan. Thus, notwithstanding their footnote requesting an opportunity to amend their motion, the court finds that plaintiffs have waived any objection as to whether the Plan at issue is an ERISA plan. Plaintiffs' request is denied.

Plaintiffs move for remand for lack of subject matter jurisdiction, assert-ing that they have stated a medical malpractice claim against Principal based on Georgia's unauthorized practice of medicine statute, O.C.G.A. § 43–34–26.[1] Plaintiffs contend that because they do not claim that they were denied benefits under the ERISA plan, section 502(a) is not implicated. *See Rice v. Panchal*, 65 F.3d 637 (7th Cir.1995); *Miller v. Riddle Memorial Hosp.*, No.Civ.A. 98–392, 1998 WL 272167 (E.D.Penn. May 28, 1998); *Hoose v. Jefferson Home Health Care, Inc.*, No. 97–7568, 1998 WL 114492, 1998 U.S. Dist. LEXIS 1369 (E.D.Penn. February 6, 1998); *Roessert v. Health Net*, 929 F.Supp. 343 (N.D.Cal.1996). The court finds plaintiffs' arguments unpersuasive.

Although the Eleventh Circuit has not specifically addressed whether state law claims sounding in medical malpractice are completely preempted by section 502(a), other circuit courts considering the issue have distinguished between claims based on the denial of benefits by an agent or employee of the managed care organization ("MCO") and claims based on substandard care or the quality of the benefits received from a physician, nurse, or hospital designated by the MCO. The former has been held to be governed by section 502 whereas the latter has not.

In *Dukes v. U.S. Healthcare*, 57 F.3d 350, 356 (3d Cir.1995), the court held that removal was improper when the plaintiffs attacked the quality of the benefits received and did not assert that the plans erroneously withheld benefits due to them. *Dukes* involved two cases which had been consolidated on appeal. In the first case, plaintiffs' decedent died from a condition that could have been diagnosed through a timely blood test. *Id.* at 352. In the second case, the plaintiffs alleged that

---

1. In their only claim against Principal, plaintiffs allege:

 Defendant Principal Health Care of Georgia, Inc., directly and through its employees/agents, without any physical examination, made a medical decision to refuse approval of a repeat C–Section for their insured, JoAnn Garrison, a Georgia resi-dent, that was based on economic factors rather than the best interests of their insured and required her to undergo a trial of labor with its increased risks to JoAnn Garrison and her unborn child, thereby entering into the practice of medicine.
 Complaint ¶ 12.

their health maintenance organization's ("HMO") physician failed to recognize the symptoms typical of preeclampsia during the wife's third trimester of her pregnancy, which led to the stillborn birth of their baby. *Id.* at 353. The court considered the allegations of the complaint and found that plaintiffs in the first case did not allege that the hospital refused to perform the blood test in a timely manner because of the ERISA plan's refusal to pay for those studies, and plaintiffs in the second case did not contend that their baby's death was due to the welfare plan's refusal to pay for or otherwise provide for medical services. *Id.* at 356–57. Moreover, the court noted that the HMOs in both cases could "point to no plan-created right implicated by the plaintiffs' state law medical malpractice claims." *Id.* at 358.

Similarly, in *Rice v. Panchal,* 65 F.3d 637 (7th Cir.1995), the plaintiff was covered under a welfare benefit plan and sued Prudential Insurance Company of America, the plan's administrator. He asserted that Prudential was liable for the malpractice of doctors it designated based on the state law doctrine of respondeat superior. The court held that the claim was improperly removed to federal court because it could be resolved without an interpretation of the terms of the ERISA plan. *Id.* at 646. Instead, the respondeat superior claim was a fact-based inquiry in which the ERISA plan would serve as evidence but would not be dispositive. *Id.* at 645.

On the other hand, in *Tolton v. American Biodyne, Inc.,* 48 F.3d 937 (6th Cir. 1995), plaintiffs alleged that the managed care plan administrator negligently refused to authorize inpatient treatment for the decedent, acted in insurance bad faith, breached the insurance contract, and was liable for the malpractice of its mental health care providers. As a result of the failure to authorize inpatient treatment, the decedent committed suicide. The court held that "plaintiffs' claims that arise from an allegedly improper denial of benefits to an ERISA beneficiary fall squarely within section 502(a)." *Id.* at 941.

Moreover, in *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482 (7th Cir. 1996), the Seventh Circuit clarified its holding in *Rice,* 65 F.3d at 637. The court set out three factors in determining whether a claim falls within section 502(a): (1) whether plaintiff has standing to bring a claim under the section; (2) whether plaintiff's "cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a);" and (3) whether plaintiff's state law claim can be resolved without interpretation of the contract governed by federal law. *Id.* at 1487. The *Jass* plaintiff asserted one claim against the plan administrator based on the negligence of the nurse employed by the administrator of her husband's employee benefit plan in denying benefits under the plan. *Jass,* 88 F.3d at 1485. In addition, the plaintiff asserted that the plan administrator was vicariously liable for the malpractice of the physician who had been included in a list by the plan administrator as a participating physician in the plan. *Id.* The court held that the claim based on the physician's negligence was not completely preempted under section 502(a). *Id.* at 1488 (citing *Rice,* 65 F.3d at 646).

The *Jass* court, however, held that in applying the *Rice* factors the claim based on the nurse's acts was really a section 502(a) denial of benefits claim. First, the *Jass* plaintiff was a plan participant who was entitled to bring suit. Second, the court held that the nursed acted in her capacity as a utilization review administrator for the plan in denying benefits. The plaintiff alleged that the nurse determined that a course of treatment was not medically necessary and ordered plaintiff to be discharged from the hospital. Third, the court found that the plaintiff's negligence claim could not "be resolved without interpreting the benefits contract because that contract provided the benefits to which Jass was entitled." *Id.* at 1489–90.

In *Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321 (5th Cir.1992), the Fifth Circuit considered whether a claim against

the utilization review organization for its determination that hospitalization was not necessary was preempted under section 514(a) of ERISA. Although the court was not considering complete preemption under section 502(a), its discussion of the utilization review process is instructive. Utilization review is the generic term for the common practice in today's health care industry of employing a third party to prospectively review the necessity of medical care recommended by a health care provider. *Corcoran*, 965 F.2d at 1326–27. The court held that in the course of making its benefits determinations, a utilization review organization often gives medical advice. *Id.* at 1331. The court reasoned that a prospective determination of the benefits available under the plan has great influence on the treatment that the beneficiary will ultimately pursue. *Id.* at 1332. Often, instead of hiring a third party to perform the utilization review and reserving the responsibility of arranging for the actual medical treatment, the MCO will play both roles. *Dukes*, 57 F.3d at 361 n. 7.

The court rules that the plaintiffs' claim is more analogous to the claims set out in *Jass* and *Tolton*, which involve the denial of benefits due under ERISA plans, and thus is subject to complete preemption under section 502(a) of ERISA. Plaintiffs do not assert that Principal is vicariously liable for the negligent acts of providers under the Plan. *See Jass*, 88 F.3d at 1488; *Dukes*, 57 F.3d at 350; *Rice*, 65 F.3d at 637. Instead, plaintiffs assert that Principal's agents and employees "made a medical decision to refuse *approval* of a repeat C–Section ... that was based on *economic* factors." Complaint ¶ 12 (emphasis added). In addition, Principal has submitted a copy of the Plan documents which indicate that C–Sections are included as covered medical benefits. Principal Ex. 1, Certificate of Coverage 3.6. Although plaintiffs couch their claim in terms of the unauthorized practice of medicine, Principal's refusal to authorize a C–Section under the Plan was in essence a benefits determina-

tion involving a medical decision. *See Corcoran*, 965 F.2d at 1332.

The district court cases cited by plaintiffs are distinguishable. In *Hoose*, 1998 WL 114492, 1998 U.S. Dist. LEXIS 1369, the district court held that complete preemption did not apply where the plaintiff complained only about the inadequate medical treatment that he received and alleged that the HMO should be liable for its role in arranging the inadequate treatment under agency and negligence principles. Similarly, in *Miller*, 1998 WL 272167, the plaintiff did not contend that her injuries were due to the plan administrator's failure to provide or pay for benefits. Rather, the plaintiff alleged that the quality of health care that she received was inadequate. Like *Dukes* and *Rice*, these cases address the vicarious liability of the plan administrator for the negligent actions of its health care providers.

In *Roessert*, 929 F.Supp. at 343, the plaintiffs alleged that the HMO practiced medicine without a license by advising a participating medical group in its plan to assist in committing the patient without any request from the plaintiffs for that type of treatment. The *Roessert* court held that the complete preemption exception did not apply because the complaint related only to the kind of treatment that the HMO recommended and the basis for that recommendation, and the HMO pointed to no right under the plan that was implicated by plaintiffs' claim. *Id.* at 351. Distinguishing *Corcoran*, 965 F.2d at 1321, the court found that nothing in the HMO's duty to administer benefits required it to make medical judgments. *Id.* at 351. In the case sub judice, Principal has submitted evidence showing that C–Sections are a covered medical benefit under the Plan, and plaintiffs' allegations are based on Principal's refusal to authorize the C–Section for economic reasons.

Because plaintiffs are in essence asserting a claim based on the denial of a benefit under an ERISA plan, the complete preemption exception to the well-pleaded com-

plaint rule applies. Removal jurisdiction is proper, and plaintiffs' motion for remand on this ground is DENIED.

## MOTION TO DISMISS

 Principal bases its motion to dismiss on section 514(a) of ERISA, 29 U.S.C. § 1144(a), arguing that section 514(a) preempts plaintiffs' claim that Principal committed malpractice while engaging in the unauthorized practice of medicine under Georgia law. *See* O.C.G.A. § 43–34–26. The court in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must take all well-pleaded facts in the plaintiffs' complaint and all reasonable inferences drawn from those facts as true. *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir.1992). "A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385 (11th Cir.1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

 With exceptions not applicable in this case, section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. A state law "relates to" an ERISA plan if it has a "connection with or reference to" employee benefit plans. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Because O.C.G.A. § 43–34–26 does not specifically reference ERISA plans, the remaining issue is whether a claim based on § 43–23–26 has a connection with employee benefit plans.

 The Supreme Court has acknowledged that the court-created "connection with" inquiry is no more definite than the "relates to" language in section 514(a). *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 656, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). Instead, the court must look at the "objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id.* The primary goal of the preemption clause "was to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Id.* at 657, 115 S.Ct. 1671. In *Travelers,* the Supreme Court held that New York's surcharges on hospital bills which disfavored commercial insurers and HMOs acted as an indirect economic influence on ERISA plans and was not preempted by section 514(a). *Id.* at 668, 115 S.Ct. 1671.

In *California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.,* 519 U.S. 316, 330, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997), the Supreme Court held that California's prevailing wage statute was indistinguishable from New York's surcharge program and was not preempted. The prevailing wage law merely "alters the incentives, but does not dictate the choices, facing ERISA plans," *Id.* at 334, 117 S.Ct. 832, and thus is "no different from myriad state laws in areas traditionally subject to local regulation, which Congress could not possibly have intended to eliminate." *Travelers,* 514 U.S. at 668, 115 S.Ct. 1671. More recently, in *De Buono v. NYSA–ILA Medical & Clinical Servs. Fund,* 520 U.S. 806, 117 S.Ct. 1747, 138 L.Ed.2d 21 (1997), the Supreme Court reached the same result on the viability of a state gross receipts tax on the income of medical centers operated by ERISA funds.

In contrast to these laws which have been found to have a tenuous connection with employee benefit plans, the Supreme Court has found that common law breach of contract and tort claims against an insurance company based on the improper processing of benefits is preempted. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The Eleventh Circuit has further explained that section 514(a) has been interpreted to preempt certain state common law causes

of action "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mutual Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997) (per curiam); *see also Variety Children's Hosp., Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir.1995) (holding that ERISA preempts "state law claims of fraud and misrepresentation [that] are based upon the failure of a covered plan to pay benefits"); *Howard v. Parisian*, 807 F.2d 1560, 1564 (11th Cir.1987) (finding that ERISA preempted fraudulent inducement claims that required a comparison of the terms of the ERISA-governed policy to the agents' alleged misrepresentations). In *Garren*, the court held that ERISA preempted an insured's tortious interference with contract claim against his insurer for denying his son's medical claims. *Id.*

In addition, other circuits have found that claims based on the denial of benefits by administrators of ERISA plans are preempted. *Cannon v. Group Health Service of Oklahoma, Inc.*, 77 F.3d 1270 (10th Cir.1996) (holding that a claim against health insurers and HMO for a seven week delay in authorizing an autologous bone marrow transplant was preempted by ERISA); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir.1995) (ERISA preempted claim for the refusal to authorize inpatient treatment for a mental health patient); *Kuhl v. Lincoln National Health Plan of Kansas City, Inc.*, 999 F.2d 298 (8th Cir.1993) (ERISA preempts malpractice claim against an HMO for denying precertification for heart surgery); *Spain v. Aetna Life Ins. Co.*, 11 F.3d 129 (9th Cir.1993) (holding that ERISA preempts wrongful death and state common law actions when plaintiff asserts insurer's delay in authorization of procedure caused the patient's death); *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321 (5th Cir. 1992) (ERISA preempted wrongful death claim against utilization review organization that had determined that hospitalization during pregnancy was not required). The court recognizes that many of these cases were decided before the Supreme

Court's most recent announcements in *Travelers*, but the Supreme Court in *Travelers* did not overrule Supreme Court precedent upon which these cases have relied.

Recently, in *Turner v. Fallon Community Health Plan, Inc.*, 127 F.3d 196 (1st Cir.1997), *cert. denied*, ── U.S. ──, 118 S.Ct. 1512, 140 L.Ed.2d 666 (1998), the First Circuit considered whether a claim brought against an insurer for the refusal to authorize certain treatment for the patient's metastasized breast cancer was preempted by ERISA in light of recent Supreme Court precedent that seemed to set new limits on preemption. *See De Buono*, 117 S.Ct. at 1747; *Dillingham*, 519 U.S. at 316, 117 S.Ct. 832. The court found that neither case addressed whether state remedies based on the denial of benefits were preempted and held that "[i]t would be difficult to think of a state law that 'relates' more closely to an employee benefit plan than one that affords remedies for the breach of obligations under that plan." *Fallon*, 127 F.3d at 199.

Construing the allegations of the complaint in the light most favorable to the plaintiffs, the court concludes that plaintiffs are asserting a claim based on the denial of benefits, a C–Section. Plaintiff alleges that Principal "made a medical decision to refuse approval of a repeat C–Section for their insured JoAnn Garrison, a Georgia resident, that was based on economic factors rather than the best interests of their insured." Complaint ¶ 12. Like the allegations in *Turner*, plaintiffs' claim of malpractice against Principal proposes that the court grant remedies for the breach of obligations associated with the denial of benefits. This will have a direct influence on Principal's administration of benefits. The state laws at issue in *Travelers, Dillingham,* and *De Buono* are distinguishable because they are traditional state regulations aimed at entities that deal with ERISA plan administrators and would only indirectly affect ERISA plans by creating incentives for administering ERISA benefits.

The court recognizes that Principal may have made medical decisions with respect to Mrs. Garrison. However, as the Fifth Circuit explained in *Corcoran*, 965 F.2d at 1332, such decisions are "part and parcel" of the process of determining whether benefits are available under an employee benefit plan. Similarly, in *Kuhl*, 999 F.2d at 302–03, the court held that ERISA preempted the insureds' claim that the insurer committed medical malpractice because it assumed the role of the patient's physician by making decisions about proper medical treatment and made decisions that constituted medical malpractice. The insurer had denied precertification of scheduled heart surgery because it was to be performed at an unapproved hospital. Principal's denial of a C–Section for "economic" reasons falls in the same category.

Because section 514(a) of ERISA preempts plaintiffs' claim against Principal, plaintiffs have failed to state an actionable claim under state law. Principal's motion to dismiss is GRANTED. In so ruling, the court acknowledges that the application of section 514(a) to plaintiffs' claim against Principal "leave[s] a gap in remedies within a statute intended to protect participants in employee benefit plans." *Corcoran*, 965 F.2d at 1333. However, this court is bound by Congress' broadly worded preemption clause and the limited remedies under ERISA for claimants such as the plaintiffs. It is within Congress' province to alter this result, if they should so desire. Since removal jurisdiction was predicated on the application of section 502(a) of ERISA to plaintiffs' claim against Principal and that claim is dismissed, the court declines to exercise jurisdiction over the remaining state law claims and finds that the case has been "removed improvidently and without jurisdiction" under 28 U.S.C. § 1447(c). *See Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir.1986). Accordingly, this case is remanded to the State Court of Fulton County.

## CONCLUSION

Plaintiffs' motion to stay the ruling on plaintiffs' motion to remand [18–1] is DENIED. Defendant Principal Health Care of Georgia, Inc.'s motion to file a surreply to plaintiffs' reply in support of the motion for remand [22–1] is DENIED. Principal's motion to dismiss [20–1] is GRANTED. Plaintiffs' motion to remand [14–1] is DENIED on the grounds proffered by the plaintiffs but is GRANTED because plaintiffs' claim against Principal, which was the basis for removal jurisdiction, has been dismissed. The court declines to exercise discretion over the remaining state law claims. The case is hereby REMANDED to the State Court of Fulton County.