[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11385
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cv-10074-JEM

DONALD LEE FAULKNER,

Plaintiff-Appellant,

versus

MONROE COUNTY SHERIFF'S DEPARTMENT,
et al.,

Defendants,

DOCTOR S. MAURER,
DR. HILTON,
L.P.N. POPE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Acting pro se, Donald Faulkner appeals a variety of orders entered by the magistrate and the district court in his civil rights suit filed pursuant to 42 U.S.C. § 1983 against Monroe County Sheriff Bob Peryam, the Monroe County Sheriff's Office (MCSO), and D.J. Hiller, a corrections officer (collectively "correctional defendants"), as well as Susan Maurer, Madeline Hilton, and Anna Pope (collectively "medical defendants").  Generally, Faulkner alleged that all the defendants had been deliberately indifferent to his medical needs because they failed to issue him a bottom-bunk pass and because they did not provide proper medical care either before or after an incident in which Faulkner fell from his bunk at the Plantation Key Detention Center (PKDC) on November 13, 2009.  Hiller worked at PKDC, but the medical defendants worked at the Monroe County Detention Center (MCDC), where Faulkner was housed both before and after his fall at PKDC.

The district court assigned the case to a magistrate judge for a ruling on all non-dispositive, pre-trial matters and for a report and recommendation (R&R) on any and all dispositive matters.  After Faulkner's initial complaint, the magistrate recommended dismissing the claims against MCSO and Peryam in an initial frivolity screening conducted pursuant to 28 U.S.C. § 1915.  Faulkner filed an

amended complaint, and then, without leave of the court, filed a second amended complaint. Hiller filed a motion to dismiss. The magistrate judge recommended granting Hiller's motion because Faulkner had not stated a claim upon which relief could be granted. In doing so, the magistrate also dismissed the second amended complaint, noting that the first amended complaint was the operative complaint in the case. Faulkner filed numerous motions to compel, which the magistrate denied. Faulkner also filed seven motions for appointment of counsel, of which the magistrate denied five and the district court denied two.

The medical defendants moved for summary judgment. The magistrate recommended granting the medical defendants' motion for summary judgment, and the district court eventually adopted all of the magistrate's R&Rs. Faulkner now appeals.

## I.

All defendants first contend that we should not consider Faulkner's appeal because his brief fails to conform to the requirements set out in Federal Rule of Appellate Procedure 28(a). We reject this argument because Faulkner is a pro se plaintiff entitled to the liberal construction of his brief, and because his brief sufficiently identifies the issues he wishes to appeal. *See* Fed. R. App. P. 28(a); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

3

We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A § 1983 claim arises when prison officials act with deliberate indifference to an inmate's serious medical needs, which violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S. Ct. 285, 291 (1976). Included are prison doctors who are deliberately indifferent in response to prisoner's needs and prison guards who intentionally deny or delay access to medical care or who intentionally interfere with the prescribed treatment. *Id.*

"To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). The inmate can demonstrate that the prison official acted with deliberate indifference by establishing that the defendant (1) had a "subjective knowledge of a risk of serious harm, (2) disregard[ed] that risk, and (3) [engaged in] conduct that

4

is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). An "inadvertent failure to provide adequate medical care" does not give rise to an Eighth Amendment claim. *Estelle*, 429 U.S. at 105–06, 97 S. Ct. at 292.

Here, the district court did not err by dismissing Faulkner's claim against Hiller because Faulkner's allegations were insufficient to establish that Hiller had any subjective knowledge of the risk of serious harm to Faulkner and then disregarded that risk. *See Brown*, 387 F.3d at 1351. Moreover, Hiller's failure to order a bottom-bunk pass for Faulkner did not rise above the level of mere negligence because there was no indication at the time of the denial that there was a risk of serious injury to Faulkner if he were not given a bottom-bunk pass. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

## III.

We review de novo a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and view the "allegations in the complaint as true." *Lott*, 350 F.3d at 1159–60. Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

5

Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sherriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

## IV.

A supervising official who did not participate in the allegedly wrongful actions can only be held liable under a theory of supervisory liability if there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). A plaintiff can establish the required causal connection by documenting either (1) a history of widespread abuse that would put a responsible supervisor on notice of the need to correct the alleged deprivation, and the supervisor's failure to correct the problem; or (2) an official custom or policy that led to the violation. *Id.*

So long as the government entity receives notice and an opportunity to respond, a suit against a person in their official capacity is to be treated as a suit

6

against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105 (1985). To hold a county liable, a plaintiff must show that (1) "his constitutional rights were violated"; (2) the county "had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Here, the district court did not err by dismissing Faulkner's claim against Peryam based on the theory of supervisory liability because Faulkner did not establish a causal connection between Peryam's actions and the alleged constitutional deprivation. To the extent that Faulkner sued Peryam as the official representative of MCSO, the district court did not err by dismissing Faulkner's claim against Peryam because Faulkner did not sufficiently allege that MCSO had a policy or custom that resulted in deliberate indifference towards Faulkner's Eighth Amendment rights.

## V.

Federal law permits a magistrate judge to hear and determine any pretrial matter pending before a district court, with certain exceptions. 28 U.SC. § 636(b)(1)(A). A party may serve and file objections to a magistrate judge's nondispositive order, which does not dispose of any claims or defenses, within 14 days of being served with the order. Fed. R. Civ. P. 72(a). A party who fails to

7

timely challenge a magistrate's nondispositive order before the district court waives his right to appeal the order. *Id.*; *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam).

Faulkner has waived his right to challenge the magistrate's orders denying his motions to compel because he did not file objections with the district court as to any of them. Therefore, we will not consider this issue.

## VI.

We review the denial of a motion for appointment of counsel for an abuse of discretion. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). A plaintiff in a civil case does not have a constitutional right to counsel, but a court may appoint counsel for an indigent plaintiff, pursuant to 28 U.S.C. § 1915(e)(1). *Id.* However, appointment of counsel in a civil case is justified only in "exceptional circumstances." *Id.*

Faulkner waived his ability to challenge the magistrate's five different orders denying appointment of counsel because he failed to file any objections to those orders with the district court. With regard to the two orders issued by the district court denying appointment of counsel, the district court did not abuse its discretion by denying the motions because Faulkner has not established any exceptional circumstances that would justify appointment of counsel.

## VII.

8

We review the district court's decision to deny a motion to amend a complaint for an abuse of discretion. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). A pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) also states that "[t]he court should freely give leave when justice so requires." *Id*. Nevertheless, a district court may deny such leave where the amendment would be futile because the complaint as amended would still be subject to dismissal. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319–20 (11th Cir. 1999).

The magistrate did not abuse its discretion by denying the motion for leave to amend the complaint because Faulkner did not request leave before filing the complaint. Moreover, the amendment would have been futile, as the second amended complaint would not have altered the disposition of the claims against any of the defendants on appeal for the reasons stated elsewhere in this opinion.

### VIII.

We review a grant of summary judgment de novo, and the district court's findings of fact for clear error. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). We will conclude that a district court's finding of fact is

clearly erroneous only if we are left with the "definite and firm conviction that a mistake has been committed." *Pelphrey v. Cobb Cnty., Ga.*, 547 F.3d 1263, 1268 (11th Cir. 2008) (internal quotation marks omitted). Summary judgment is appropriate when the movant has shown that there is "no genuine dispute as to any material fact", and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The district court did not err by granting summary judgment to the medical defendants because no genuine issue of material fact existed, as the evidence demonstrated that (1) Pope did not have a subjective knowledge of a risk of serious harm to Faulkner; (2) Hilton and Maurer provided medically appropriate treatment, such that Faulkner's disagreements amount only to a difference of opinion about the appropriate course of treatment; and (3) there was not a constitutionally impermissible delay between Faulkner's requests for treatment and his receipt of treatment.

## IX.

We decline to consider Faulkner's argument that the magistrate judge did not use the pre-trial scheduling order properly because Faulkner did not present it to the district court. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S. Ct. 2868 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.")).

10

**AFFIRMED.**