IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

LATONI ALTHEA DANIEL, ) 
individually and as next friend ) 
of L.M.D., a minor ) 
 ) 
 Plaintiffs, ) 
 ) 
 v. ) CASE NO. 2:20-CV-145-WKW 
 ) [WO] 
MICHAEL HOWELL, Sheriff of ) 
Coosa County, Alabama, ) 
individually; COOSA COUNTY ) 
DETENTION FACILITY; COOSA ) 
COUNTY ALABAMA, COUNTY ) 
COMISSION; and THE SHERIFF’S ) 
DEPARTMENT OF COOSA ) 
COUNTY ALABAMA, ) 
 ) 
 Defendants. ) 

 MEMORANDUM OPINION AND ORDER 
 On March 4, 2020, Latoni Althea Daniel (“Daniel”), individually and as next 
friend of L.M.D., a minor, filed an Amended Complaint against Michael Howell 
(“Howell”), the Coosa County Detention Facility (“Coosa County Jail”), the Coosa 
County Alabama, County Commission (“Commission”), the Sheriff’s Department 
of Coosa County Alabama (“Coosa County Sheriff’s Office”), and certain fictitious 
Defendants.1 (Doc. # 3.) In the Amended Complaint, Plaintiffs allege nine state-

 1 Plaintiffs’ Amended Complaint provides “[f]ictitious parties shall be added when or if 
ascertained, namely officers 1,2,3 . . . .” (Doc. # 3, at 2.) 
law tort claims in addition to violations of the Eighth and Fourteenth Amendments 
to the United States Constitution as enforced by 42 U.S.C. § 1983. 

 Before the court are four separate motions: (1) Motion to Dismiss for Failure 
to State a Claim (Doc. # 9), filed by the Commission; (2) Motion to Dismiss for 
Failure to State a Claim (Doc. # 11), filed by the Coosa County Jail and Coosa 

County Sheriff’s Office; (3) Motion to Dismiss for Failure to State a Claim (Doc. # 
15), filed by Howell; and (4) Motion to Strike Response in Opposition (Doc. # 34), 
collectively filed by Defendants. Additionally, within his motion to dismiss for 
failure to state a claim, Howell moves under Federal Rule of Civil Procedure 

12(b)(1) to dismiss Plaintiffs’ state-law tort claims, asserting that no “adequate 
basis” exists for exercising subject matter jurisdiction over those causes of action. 
(Doc. # 16, at 2.) For the reasons given below, the motions to dismiss are due to be 

granted in part and denied in part, and the motion to strike is due to be granted. 
 I. JURISDICTION AND VENUE 
 The court exercises subject matter jurisdiction over the federal-law claims 
pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights 

jurisdiction). Supplemental jurisdiction over Plaintiffs’ state-law claims is proper 
pursuant to 28 U.S.C. § 1367. Personal jurisdiction and venue are not contested. 
 II. STANDARD OF REVIEW2 
 When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must 

take the facts alleged in the complaint as true and construe them in the light most 
favorable to the plaintiff. Resnick v. AvMed, Inc., 693 F.3d 1317, 1321–22 (11th 
Cir. 2012). To survive Rule 12(b)(6) scrutiny, “a complaint must contain sufficient 

factual matter, accepted as true, to ‘state a claim to relief that is plausible on its 
face.’” Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. 
Twombly, 550 U.S. 544, 570 (2007)). “[F]acial plausibility” exists “when the 
plaintiff pleads factual content that allows the court to draw the reasonable inference 

that the defendant is liable for the misconduct alleged.” Id. (citation omitted). 
 III. BACKGROUND3 
 This case centers on the alleged sexual assault of Daniel while she was a 

pretrial detainee at the Coosa County Jail. The Amended Complaint contains the 
following factual allegations. On December 5, 2017, Daniel was arrested and held 
without bond in the Coosa County Jail. In January 2019, while still detained 
awaiting trial, Daniel learned that she was four months pregnant. According to 

 2 Although Howell moves to dismiss Plaintiffs’ state-law claims under Rule 12(b)(1), this 
court’s subject mater jurisdiction is not at issue. Instead, the question is whether Plaintiffs’ 
Amended Complaint states a claim for relief against Howell under Alabama law, so the motion is 
considered solely under Rule 12(b)(6). See LeFere v. Quezada, 582 F.3d 1260, 1263 (11th Cir. 
2009) (“If the complaint contains a claim that is facially subject to an affirmative defense, that 
claim may be dismissed under Rule 12(b)(6).”). 
 3 Applying the Rule 12(b)(6) standard, the court has presumed as true the well pleaded 
factual allegations in the governing complaint, but not its legal conclusions. 
Daniel, during the period between December 5, 2017 and January 2019, she was not 
permitted to leave the jail, and the only males who had access to her were jail 

employees. Moreover, Daniel does not remember the alleged sexual assault; thus, 
she believes she was incapacitated prior to, and during, the attack. To date, Daniel 
still does not know the identity of her alleged assailant. 

 Upon learning of her pregnancy, officials at the Coosa County Jail transferred 
Daniel to the Tallapoosa County Jail. On May 29, 2019, Daniel gave birth to L.M.D. 
Based on these allegations, Daniel contends that she “relied on the Sheriff, the Coosa 
County Sheriff’s Office, the Coosa County Detention Facility and the Coosa County 

Commission to protect her and prevent her rape, physical abuse and sexual 
exploitation.” (Doc. # 3, at 3.) 
 Daniel brings the following state-law claims against all Defendants: 

negligence; battery; assault; wrongful life on behalf of L.M.D.; wantonness; 
negligent/wanton hiring; training, or supervision; intentional infliction of emotional 
distress; negligent infliction of emotional distress; and invasion of privacy. 
Additionally, Daniel alleges that Defendants violated her rights under the Eighth 

(cruel and unusual punishment and excessive force) and Fourteenth (right to bodily 
privacy) Amendments to the United States Constitution. In connection to her § 1983 
claims, Daniel further alleges a count styled as “Supervisory Liability,” wherein she 

asserts that “[t]here is a causal connection between the actions of the detention 
facility’s supervisor and Sheriff Michael Howell and the constitutional violations.” 
(Doc. # 3, at 15.) Daniel seeks relief against Defendants only in the form of money 

damages. 
 IV. DISCUSSION 
 Before delving into the merits of Defendants’ motions to dismiss, it bears 

mentioning that Plaintiffs’ Amended Complaint and response to Defendants’ 
motions contain several deficiencies. For starters, the Amended Complaint is a 
quintessential “shotgun pleading.” Among other things, the Amended Complaint 
commits the “mortal sin” of “containing multiple counts where each count adopts 

the allegations of all preceding counts, causing each successive count to carry all 
that came before and the last count to be a combination of the entire complaint.” 
Weiland v. Palm Beach Cty. Sheriff’s Off., 792 F.3d 1313, 1323 (11th Cir. 2015) 

(footnote omitted). Despite the fact, however, that Plaintiffs filed a shotgun 
complaint, it is clear that their state- and federal-law claims against the Commission, 
the Coosa County Sheriff’s Office, and the Coosa County Jail are due to be dismissed 
with prejudice as a matter of law. The same is true of Plaintiffs’ state-law claims 

against Howell. As explained more fully below, only Daniel’s § 1983 claims against 
Howell are due to be dismissed without prejudice on shotgun pleading grounds. 
 The Amended Complaint contains another infirmity—it names “officers 

1,2,3” as fictitious Defendants. “As a general matter, fictitious-party pleading is not 
permitted in federal court.” Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 
2010). True, the Eleventh Circuit has “created a limited exception to this rule when 

the plaintiff’s description of the defendant is so specific as to be at the very worst 
surplusage.” Id. (quotations and citation omitted). However, labeling the fictitious 
Defendants as officers 1, 2, and 3, absent some other unambiguous description, lacks 

the necessary specificity to qualify under this limited exception. Accordingly, 
Plaintiffs’ claims against these fictitious Defendants are due to be dismissed.4 
 Next, Plaintiffs argue in their response that “[a] motion to dismiss under Rule 
12 [of the Alabama Rules of Civil Procedure] may only be granted when it appears 

beyond doubt that Plaintiff can prove no set of facts in support of his claim which 
should entitle him to relief.” (Doc. # 27, at 2.) That may be true in Alabama state 
courts, see McKelvin v. Smith, 85 So. 3d 386, 391 (Ala. Civ. App. 2010), but 

Plaintiffs chose to file this case in federal court where their Amended Complaint is 
subject to a more exacting pleading standard. In fact, the United States Supreme 
Court has described the “no set of facts” pleading standard as “forgotten” and 
“incomplete.” Twombly, 550 U.S. at 546. 

 4 Nevertheless, the work hours, duties, and physical location in proximity to Daniel’s cell 
of the unnamed officers at the Coosa County Jail are “facts exclusively within the knowledge” of 
Howell and “will be issues for development in discovery.” Hollingsworth v. Edgar, No. 2:04-CV-
935-WKW, 2006 WL 2009104, at *7 (M.D. Ala. July 18, 2006). Put simply, “[n]o plaintiff could 
be expected to allege facts of which only the defendants have knowledge and control.” Id. 
 Apart from analyzing the wrong pleading standard, Plaintiffs’ response also 
fails to address the arguments advanced by the Commission, the Coosa County 

Sheriff’s Office, and the Coosa County Jail in favor of their respective motions to 
dismiss. While Plaintiffs’ failure may amount to an abandonment of their claims 
against these Defendants, see Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 

1334 (M.D. Ala. 2007) (finding that the plaintiff’s failure to respond to the 
defendants’ argument concerning the dismissal of certain claims constituted 
abandonment of those claims), binding precedent makes clear that such claims are 
due to be dismissed as a matter of law. With these deficiencies in mind, the court 

proceeds to an analysis of Defendants’ motions to dismiss and motion to strike. 
A. Motions to Dismiss 
 Defendants move to dismiss Plaintiffs’ Amended Complaint in its entirety. 

Because the Amended Complaint alleges numerous state-law and federal-law claims 
against each Defendant with each type of claim requiring its own analysis, the 
subsequent discussion is divided accordingly by Defendant and further by the claims 
at issue. 

 1. Coosa County Commission 
 a. State-Law Claims 
 The Commission asserts that “[f]rom the allegations in the Amended 

Complaint, it is apparent that Plaintiff[s] attempt[] to impose liability upon [the 
Commission] because of alleged actions that occurred at the jail.” (Doc. # 10, at 1.) 
According to the Commission, “[t]he conduct of individuals at the jail cannot impute 

liability on the County because the County is not responsible for the day-to-day 
operation of the jail.” (Doc. # 10, at 1.) The Commission’s argument is sound. 
 A decision from the Alabama Supreme Court, Ex parte Sumter County, 935 

So. 2d 1235 (Ala. 2006), provides guidance. There, “the administrator ad litem for 
the estate of [the decedent], filed a wrongful-death action . . . based on the death of 
[the decedent] while he was incarcerated in the Sumter County jail.” Id. at 1236. 
The plaintiff alleged that the decedent suffered from mental illness and committed 

suicide while incarcerated. Id. Among other defendants, the plaintiff sought to hold 
Sumter County liable for the events that led to the decedent’s suicide. In reversing 
the lower court’s denial of Sumter County’s motion to dismiss, the Alabama 

Supreme Court held that “any liability of a county resulting from an incident at a 
county jail must be based on a failure of county officials to provide an adequate 
facility” and because “the administrator ad litem [did] not allege that Sumter County 
breached a duty to furnish and maintain a jail facility, he [failed] to state a claim 

upon which relief [could] be granted.” Id. at 1239. 
 To support its decision, the court reasoned that the Alabama Code5 limited the 
role of counties in operating county jails to “keep[ing] a jail and equipment therein 

 5 Alabama Code § 11-14-10, the provision at issue, provides in pertinent part that “[t]he 
in a state of repair and to preserve it from failure or decline.” Id. at 1238. Based on 
its limited role, the court concluded that “a county is not responsible for the daily 

administration or operation of a county jail or for overseeing inmates.” Id. (citations 
omitted). The court also emphasized that the county could not “be held liable for 
any action resulting from the hiring, training, or supervising of jail personnel” nor 

could the county “be held vicariously liable for the actions or omissions of the sheriff 
or his deputies in operating a county jail.” Id. 
 Here, as in Ex parte Sumter, Plaintiffs seek to hold the Commission liable for 
alleged events that occurred during the day-to-day operations of the Coosa County 

Jail. Plaintiffs also appear to allege that the Commission is liable under the theories 
of vicarious liability and negligent hiring, training, or supervision. However, Ex 
parte Sumter makes clear that such allegations are insufficient as a matter of law to 

state a claim upon which relief can be granted. See also Turquitt v. Jefferson Cty., 
137 F.3d 1285, 1291 (11th Cir. 1998) (holding that under Alabama law, “[t]he 
County cannot be liable for the harms that befall jail inmates due to improper 
operations of the jail or negligent supervision of its inmates because the County has 

no responsibility in that area”). What’s more, Plaintiffs’ Amended Complaint does 
not contain any allegations that the Commission breached its limited duty to furnish 

county commission shall erect . . . jails” and that “[e]ach county within the state shall be required 
to maintain a jail within their county.” 
and maintain the facilities at the county jail where Daniel was housed. Thus, 
Plaintiffs’ state-law claims against the Commission are due to be dismissed with 

prejudice. 
 b. Federal-Law Claims 
 Daniel’s § 1983 claims against the Commission, based on her rights protected 

under the Eighth and Fourteenth Amendments, fare no better. Daniel alleges that 
“the only males who had access to [her] were agents and employees of” either the 
Coosa County Jail or the Coosa County Sheriff’s Office. (Doc. # 3, at 2.) She further 
alleges that a prison official perpetrated the attack on her. (Doc. # 3, at 12.) In other 

words, Daniel claims that the Commission should be held liable under § 1983 for 
the acts of individuals employed by either the Coosa County Jail or the Coosa 
County Sheriff’s Office. Daniel’s claims fail because the Commission does not 

possess any form of control over the daily operation of the Coosa County Jail. See 
Turquitt, 137 F.3d at 1285. 
 To be sure, a county may be held liable under § 1983 “when execution of [the 
county’s] policy or custom, whether made by its lawmakers or by those whose edicts 

or acts may fairly be said to represent official policy, inflicts the injury that the 
[county] as an entity is responsible . . . .” Monell v. N.Y. City Dep’t of Social Servs., 
436 U.S. 658, 695 (1978) (alterations added). Moreover, in determining whether a 

county is liable under § 1983, “[a] court’s task is to identify those officials or 
governmental bodies who speak with final policymaking authority for the [county] 
concerning the action alleged to have caused the particular constitutional or statutory 

violation at issue.” McMillian v. Monroe Cty. Ala., 520 U.S. 781, 784–85 (1997) 
(quotations and citation omitted) (alteration added). Whether a county possesses 
final policymaking authority depends on the particular area or issue in dispute and 

an analysis of state law. See id. at 785. 
 In Turquitt, the Eleventh Circuit sitting en banc addressed whether, in the 
context of operating a county jail, a county qualified as policymaker under § 1983. 
After a thorough review of Alabama law, the court held that “Alabama sheriff[s] 

act[] exclusively for the state rather than for the county in operating a county jail.” 
137 F.3d at 1288. Moreover, the court concluded that “Alabama counties have no 
duties with respect to the daily operation of the county jails and no authority to 

dictate how the jails are run.” Id. at 1291. Critical to the decision that counties could 
not be held liable under § 1983 for events that occurred during the daily operation 
of the county jail was the principle that “local governments can never be liable under 
§ 1983 for the acts of those whom the local government authority has no authority 

to control.” Id. at 1292. The Eleventh Circuit explained 
 because counties have no control over sheriffs, allowing county liability 
 for a sheriff’s actions would ignore Monell’s conception of 
 municipalities as corporations and substitute a conception of 
 municipalities as mere units of geography . . . . [H]olding the county 
 liable for a sheriff’s actions would impose even broader liability than 
 the respondeat superior liability rejected in Monell. 
Id. (quoting McMillian v. Johnson, 88 F.3d 1573, 1577 (11th Cir. 1996), aff’d, sub 
nom. McMillian v. Monroe Cty., Ala., 520 U.S. 781 (1997)). Here, Daniel has not 
alleged any facts to show that the Commission possessed control over either the 

Coosa County Jail or Coosa County Sheriff’s Office as it relates to the daily 
operations at the county jail. Because Daniel fails to allege this necessary element 
of control, her § 1983 claims against the Commission are due to be dismissed with 

prejudice. 
 2. Coosa County Sheriff’s Office and Coosa County Jail 
 a. State-Law Claims 
 The Coosa County Sheriff’s Office and the Coosa County Jail also move to 

dismiss both Plaintiffs’ state-law and § 1983 claims. These Defendants argue that 
Plaintiffs’ “claims against the Coosa County Sheriff’s Office and the Coosa County 
Jail are due to be dismissed as the Sheriff’s Office and the Jail are not entities subject 

to suit.” (Doc. # 12, at 2.) Defendants are correct. 
 Beginning with Plaintiffs’ state-law claims against the Coosa County Sheriff’s 
Office, it is well settled under Alabama law that a sheriff’s office is not a legal entity 
subject to suit. See Ex parte Haralson, 853 So. 2d 928, 931 (Ala. 2003) (“It is clear 

under Alabama law that the sheriff’s department is not a legal entity subject to 
suit.”); King v. Colbert Cty., 620 So. 2d 623, 626 (Ala. 1993) (“[A] [s]heriff’s 
[d]epartment is not a legal entity. Therefore, one cannot maintain an action against 
it.”); White v. Birchfield, 582 So. 2d 1085, 1087 (Ala. 1991) (“The Chambers County 
Sheriff’s Department is not a legal entity subject to suit.”). Accordingly, Plaintiffs’ 

state-law claims against the Coosa County Sheriff’s Office are due to be dismissed 
with prejudice. 
 The same holds true for Plaintiffs’ state-law claims against the Coosa County 

Jail. “Generally, a sheriff’s department operates a county jail.” Holifield v. City of 
Mobile Municipal Court of Mobile, Ala., No. 07-0309-CG-B, 2009 WL 793516, at 
*2 (S.D. Ala. Mar. 19, 2009). So, it stands to reason that if a sheriff’s department is 
not a legal entity subject to suit, neither is a county jail. See Alexander v. Houston 

Cty. Jail, No. 1:20-CV-30-ALB, 2020 WL 762281, at *1 (M.D. Ala. Jan. 17, 2020) 
(finding that an Alabama county jail was not a legal entity subject to suit); Moon v. 
Russell Cty. Jail, No. 3:20-CV-727-WKW, 2020 WL 5997120, at *2 (M.D. Ala. 

Sept. 17, 2020) (same). Thus, Plaintiffs’ state-law claims against the Coosa County 
Jail are due to be dismissed with prejudice. 
 b. Federal-Law Claims 
 Daniel’s § 1983 claims against the Coosa County Sheriff’s Office and the 

Coosa County Jail also fail. To be proper defendants under § 1983, the Sheriff’s 
Office and the Jail must be “legal entit[ies] subject to suit.” Dean v. Barber, 951 
F.2d 1210, 1214 (11th Cir. 1992) (alteration added). “Whether a party has the 

capacity to be sued is determined by the law of the state in which the district court 
sits.” Faulkner v. Monroe Cty. Sheriff’s Dep’t, 523 F. App’x 696, 700 (11th Cir. 
2013) (citing Dean, 951 F.2d at 1214–15). 

 In Dean, the Eleventh Circuit held that “[u]nder Alabama law, a county 
sheriff’s department lacks the capacity to be sued.” 951 F.2d at 1215. Thus, the 
court concluded that the defendant sheriff’s department “[was] not a legal entity and, 

therefore, [was] not subject to suit or liability under section 1983.” Id. at 1214. Here, 
as in Dean, the § 1983 claims against the Coosa County Sheriff’s Office are due to 
be dismissed because that office lacks the capacity to be sued under Alabama law. 
See also Forehand v. Elmore Cty., No. 2:14-CV-207-WHA, 2014 WL 2535190, at 

*5 (M.D. Ala. Jun. 5, 2014) (dismissing a § 1983 claim against an Alabama sheriff’s 
department because it lacked the capacity to be sued). Daniel’s § 1983 claims 
against the Coosa County Jail are also due to be dismissed with prejudice because, 

as the analysis of the state-law claims against it demonstrates, the jail is not a legal 
entity subject to suit. 
 3. Sheriff Howell 
 a. State-Law Claims 

 In support of his motion to dismiss Plaintiffs’ state-law tort claims against him 
in his individual capacity, Howell persuasively argues that the doctrine of state 
absolute immunity shields him from such claims. Indeed, Plaintiffs appear to 

concede that the application of state absolute immunity to Howell “is virtually iron 
clad [sic].” (Doc. # 27, at 7.) 
 Article I, § 14 of the Alabama Constitution provides that “the State of 

Alabama shall never be made a defendant in any court of law or equity.” This 
constitutional provisional creates a “nearly impregnable and almost invincible wall 
that provides the State an unwaivable, absolute immunity from suit . . . in any court.” 

Ex parte Town of Lowndesboro, 950 So. 2d 1203, 1206 (Ala. 2006) (citations and 
quotations omitted). Moreover, state absolute immunity under Article I, § 14 
“applies to state officers sued in either their official or individual capacities for state-
law causes of action.” Garcia v. Casey, No. 2:18-CV-02079-KOB, 2020 WL 

704848, at *7 (N.D. Ala. Feb. 12, 2020) (citing Tinney v. Shores, 77 F.3d 378, 382–
83 (11th Cir. 1996)). “As interpreted by the Alabama courts, such immunity extends 
to sheriffs and their deputies.” Almond v. Randolph Cty., Ala., No. 3:19-CV-175-

RAH, 2020 WL 3052223, at *5 (M.D. Ala. Jun. 8, 2020) (citing Ex parte Davis, 930 
So. 2d 497, 501 (Ala. 2005)); see also Ala. Const. Art. V, § 112 (listing county 
sheriffs as executive officers of the state). 
 Accordingly, based on the authority discussed above and Plaintiffs’ 

concession, the state-law claims against Howell are due to be dismissed with 
prejudice.6 

 6 It is also worth noting that none of the exceptions to state absolute immunity appies in 
this case because Plaintiffs seek relief solely in the form of money damages. See Tinney, 77 F.3d 
at 383 (“The Alabama Supreme Court explained that under Article I, § 14, the only exceptions to 
 b. Federal-Law Claims 
 As mentioned in the beginning of this opinion, Daniel’s § 1983 claims against 

Howell are due to be dismissed without prejudice on shotgun pleading grounds. 
 “Complaints that violate either [Federal Rule of Civil Procedure] . . . 8(a)(2) 
or Rule 10(b), or both, are often disparagingly referred to as ‘shotgun pleading’” and 

have been uniformly rejected by the Eleventh Circuit. Weiland, 792 F.3d at 1320 
(alteration added). Shotgun complaints violate Rule 8 “by fail[ing] to one degree or 
another, and in one way or another, to give the defendants adequate notice of the 
claims against them and the grounds upon which each claim rests.” Id. at 1323 

(alterations added). In some shotgun complaints, “each count adopts the allegations 
of all preceding counts, causing each successive count to carry all that came before 
and the last count to be combination of the entire complaint.” Id. at 1321. In others, 

the complaint commits “the sin of asserting multiple claims against multiple 
defendants without specifying which of the defendants are responsible for which 
acts or omissions, or which of the defendants the claim is brought against.” Id. at 
1323. 

 In the instant case, Plaintiffs’ Amended Complaint is a shotgun pleading in 
both of the foregoing ways as it relates to the § 1983 claims against Howell. First, 

a sheriff’s immunity from suit are actions brought to enjoin the sheriff’s conduct.”) (emphasis in 
original). 
the introduction to Count 1 “adopts and incorporate [sic] all preceding paragraphs 
of this complaint herein.” (Doc. # 3, at 3.) And Count 137, which appears to form 

some part of the basis for the § 1983 claims against Howell, “incorporates all 
preceding reference paragraphs of the Complaint herein.” (Doc. # 3, at 15.) That 
makes Count 13 “a combination of the entire complaint.” Weiland, 792 F.3d at 1321. 

Counts 10–12, causes of action for violations of the Eighth and Fourteenth 
Amendments, suffer from similar defects insofar as they incorporate “all preceding 
reference paragraphs” of the Amended Complaint. (Doc. # 3, at 12–14.) 
 Second, the Amended Complaint alleges at least three separate § 1983 claims 

against four separate Defendants. Nowhere in the Amended Complaint, however, 
does Daniel attempt to draw distinctions between the conduct of the four Defendants 
in relation to her § 1983 claims. Instead, as Howell correctly notes, “[t]he Amended 

Complaint is replete with allegations that ‘the defendants’ undertook certain actions 
or omissions and/or violated certain rights, leaving its reader to assume which of the 
four plus Defendants the statement is referring to.” (Doc. # 16, at 8 n.4.) The 
Amended Complaint also repeatedly uses conclusory and general language like 

“[t]he conduct by the Defendants was objectively sufficiently serious” and 

 7 Adding to the confusion, Plaintiffs’ Amended Complaint contains two claims listed as 
“Count 12,” thus throwing off the document’s numbering system with respect to the counts 
alleged. (See Doc. # 3, at 13, 15.) For clarity, the counts are referred to in proper numerical order, 
dispensing with Plaintiffs’ incorrect labels. 
“Defendants acted with a malicious and sadistic purpose to inflict harm.” (Doc. # 3, 
at 12–13.) Daniel’s failure to delineate which facts and which counts apply to which 

Defendants deprives Howell of the adequate notice to which he is entitled.8 
 Further, Howell contends that the protection of qualified immunity shields 
him from “all federal law claims asserted against him.” (Doc. # 16, at 8 n.4.) 

However, the shotgun nature of the Amended Complaint makes it nearly impossible 
to conduct any coherent analysis on whether Howell is entitled to qualified immunity 
concerning the alleged constitutional violations. This is problematic because 
“questions of qualified immunity must be resolved at the earliest possible stage in 

litigation” due to the fact that it is “an entitlement not to stand trial or face other 
burdens of litigation.” Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) 
(quotations and citations omitted). For these illustrative reasons, Daniel’s federal-

law claims against Howell are due to be dismissed without prejudice. 
B. Motion to Strike 
 On May 5, 2020, Plaintiffs filed a document titled “Plaintiffs’ 
Objection/Response to All Motions to Dismiss as Filed by the Defendants and 

Plaintiffs’ Response to Defendants’ Reply Response.” (Doc. # 33.) Defendants 
collectively move to strike this document on the grounds that it amounts to an 

 8 The pleading deficiencies pointed out in this opinion are illustrative. Plaintiffs have the 
responsibility to plead their “claims discretely and succinctly.” Weiland, 792 F.3d at 1320 (citation 
omitted). 
impermissible surreply. The court agrees. 
 “A district court’s decision to permit the filing of a surreply is purely 

discretionary and should generally be allowed when ‘a valid reason for such 
additional briefing exists, such as where the movant raises new arguments in its reply 
brief.’” First Specialty Ins. Corp. v. 633 Partners, Ltd., 300 F. App’x 777, 788 (11th 

Cir. 2008) (quoting Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 
1197 (N.D. Ga. 2005)); see also Coker v. Enhanced Senior Living, Inc., 897 F. Supp. 
2d 1366, 1373 (N.D. Ga. 2012) (“[S]urreplies typically will be permitted only in 
unusual circumstances, such as where a movant raises new arguments or facts in a 

reply brief, or where a party wishes to inform the Court of a new decision or rule 
implicating the motion under review.”). And these limitations make sense because 
“allow[ing] . . . surreplies as a regular practice would put the court in the position of 

refereeing an endless volley of briefs.” Garrison v. N.E. Ga. Med. Ctr., Inc., 66 F. 
Supp. 2d 1336, 1340 (N.D. Ga. 1999). 
 Here, Defendants expressly raised in their initial motions to dismiss each of 
the arguments, save one, that Plaintiffs now seek to address in their thirty-one page 

surreply. In other words, Plaintiffs had a full and fair opportunity to respond to 
Defendants’ respective arguments, yet, in most cases, declined to do so. Moreover, 
Defendants’ reply brief simply reasserts their initial arguments in favor of dismissing 

Plaintiffs’ claims. The only “new” argument in the reply brief concerns the fact that 
Plaintiffs applied the wrong pleading standard in their response brief. This does not 
warrant the filing of a surreply. See Chemence Med. Prods., Inc. v. Medline Indus., 

Inc., 119 F. Supp. 3d 1376, 1382 (N.D. Ga. 2015) (“If . . . new arguments simply 
respond to arguments raised in a response brief, no surreply is warranted.”). 
Accordingly, Defendants’ motion to strike is due to be granted. 

 V. CONCLUSION 
 Accordingly, it is ORDERED: 
1. The Commission’s motion to dismiss (Doc. # 9) is GRANTED, and all claims 
against this Defendant are DISMISSED with prejudice. 

2. The Coosa County Sheriff’s Office and the Coosa County Jail’s motion to 
dismiss (Doc. # 11) is GRANTED, and all claims against these Defendants are 
DISMISSED with prejudice. 

3. Plaintiffs’ federal-law claims (Counts 10–13) against Sheriff Michael Howell 
are DISMISSED without prejudice. 
4. As it relates to their federal-law claims against Howell, Plaintiffs are granted 
leave to file a second amended complaint, pursuant to Federal Rule of Civil 

Procedure 15(a)(2), that complies with the pleading requirements of the Federal 
Rules of Civil Procedure and the following requirements of this Order: 
 a. The second amended complaint must set forth, in separately numbered 

paragraphs, allegations of fact that are simple, concise, direct, sufficiently detailed, 
and material to Plaintiffs’ claims against Howell. Plaintiffs must allege facts showing 
Howell’s involvement in each claim and how Howell violated Plaintiffs’ rights. 

 b. Plaintiffs may not simply incorporate all factual allegations by reference 
into every count; rather Plaintiffs must indicate with clarity which specific factual 
allegations are material to each specific count. 

5. Sheriff Michael Howell’s motion to dismiss (Doc. # 15) is GRANTED as it 
relates to Plaintiffs’ state-law claims (Counts 1–9), and these claims are DISMISSED 
with prejudice. Howell’s motion to dismiss (Doc. # 15), as it relates to the federal-law 
claims (Counts 10–13), is DENIED without prejudice to reassert any arguments that may 

be relevant to the amended complaint. 
6. All counts against fictitious Defendants 1, 2, and 3 are DISMISSED with 
prejudice. 

7. Defendants’ motion to strike (Doc. # 34) is GRANTED, and Plaintiffs’ surreply 
(Doc. # 33) is STRICKEN from the docket. 
 Plaintiffs are ADVISED that, if they do not file a second amended complaint on 
or before December 21, 2020, this action will be dismissed without prejudice. Claims 

and demands for relief that fail to comply with the Federal Rules of Civil Procedure and 
the requirements of this Order may be subject to dismissal without further opportunities 
for amendment. 
DONE this 30th day of November, 2020. 
 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE